ACCEPTED
15-24-00133-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/16/2025 5:48 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00133-CV

In the Fifteenth Court of Appeals
Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/16/2025 5:48:20 PM
CHRISTOPHER A. PRINE
Clerk

**Insight Investments, LLC**,

*Appellant*,

*v.*

**Stonebriar Commercial Finance, LLC**,

*Appellee.*

On Appeal from the 380th District Court, Colin County, Texas
Trial Court Cause No. 380-06242-2022
Honorable Benjamin N. Smith, presiding

## APPELLANT'S OPPOSED MOTION TO REVIEW SUPERSEDEAS ORDER

Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

Mark W. Stout
State Bar No. 24008096
Owen C. Babcock
State Bar No. 24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton St, Ste 700
Fort Worth, Texas 76102
817-338-1616 —Telephone
817-338-1610 —Facsimile
mstout@padfieldstout.com
obabcock@padfieldstout.com

**Attorneys for Appellant Insight Investments, LLC**

**EMERGENCY RELIEF REQUESTED**

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

As provided by Texas Rule of Appellate Procedure 24.3(b) and 24.4, Appellant Insight Investments, LLC requests an order overturning or revising the trial court's order that Insight must deposit or post bond for $5,903,679.08 to supersede execution pending appeal. A separate motion for stay of the order is being filed simultaneously.

The final judgment in this case awards only "equitable relief," attorney's fees, and costs—it does not contain a dollar amount (or formula for calculating such an amount) awarded on the underlying breach of contract claim. That final judgment orders Insight to repurchase an agreement that no longer exists, and Stonebriar further now insists that the amount Insight ought to pay is not reduced by *years* of monthly payments Stonebriar does not dispute it has been receiving. The numerous deficiencies of this final judgment, as well as the underlying process that led to it, serve as part of the basis for the appeal Insight has filed in this Court.

To ward off any attempts by Appellee Stonebriar Commercial Finance, LLC to "collect" on such a flawed judgment, Insight deposited $500 with Collin County, making a good-faith effort to supersede at least

the exorbitant attorney's fee award in the judgment. Stonebriar then asked the trial court to determine the amount Insight would need to supersede execution upon its requirement that Insight "repurchase" an agreement that no longer exists for a price supported only by Stonebriar's say-so. Stonebriar asked for a hearing, but, within a day of Stonebriar's request for a setting, the trial court (without waiting for a response or hearing any evidence) ordered Insight to deposit or bond $5,903,679.08 to supersede execution.

Pending this Court's ruling on this motion, Insight is also filing a contemporaneous Opposed Emergency Motion for Temporary Relief that asks this Court to grant an emergency stay of the trial court's supersedeas order pending determination of this motion, and to stay any attempted enforcement of the final judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a series of agreements under which Insight borrowed money on a "non-recourse" basis from Appellee Stonebriar Commercial Finance, LLC. Insight used those funds to purchase audio-visual and electronic equipment that was then leased on a long-term basis to various customers. 1CR248–64; *see also* 1CR379–84 (Declaration

3

of Christopher M. Czaja). The bulk of a customer's monthly lease payments would ultimately be directed to Stonebriar, and Stonebriar would thus recoup its original loan plus additional amounts over time. *Id.*

## A. Insight and Stonebriar sign a "Master Non-Recourse Security Agreement and Assignment" and various documents regarding an equipment lease in Arizona.

Insight and Stonebriar signed a "Master Non-Recourse Security Agreement and Assignment" in April 2022 that set out the general terms of their relationship and listed additional documents to be signed later and incorporated into the overall transaction. *Id.* As suggested by its title, the "Master Non-Recourse Security Agreement and Assignment" specifies that Stonebriar was assigned the primary security interest in any leased equipment and lease contracts, and in exchange, Insight would not be held liable if the customer defaulted on its monthly payments. *Id.* Instead, Stonebriar's sole remedies for non-payment would lie against the equipment and the customer. *Id.* The Master Agreement further specified that it (as well as all related documents and agreements) would be subject to and construed under New York law. 1CR51–52; 1CR55; 1CR248–64; 1CR379–84.

4

In the following months, Insight and Stonebriar worked to complete the underlying documents for a particular set of equipment leased to a customer in Arizona ("Legacy"). *E.g.*, "Specification" No. 1; 1CR266–67.[1] Insight was not able to obtain a signed copy of one of these documents, the "Landlord Waiver,"[2] at the same time as the rest. So Insight's President Christopher Czaja sent Stonebriar a letter stating that "[Insight] indemnifies and holds [Stonebriar] harmless from Insight's

---

[1] The Master Non-Recourse Security Agreement contemplated a number of loan/lease transactions. Each had its own numbered "Specification" with incorporated underlying documents, as well as its own "Promissory Note." "Specification No. 1" is at issue in this case. Specification No. 1 then further incorporated six documents, including "Master Lease Agreement No. 9586" between Legacy and Insight, "Schedule No. 2 to Master Lease Agreement No. 9586" (which set out the basic terms of the Legacy/Insight lease and included a 10-page inventory of the equipment), and the "Landlord Waiver." Stonebriar did not provide these critical parts of the agreement to the trial court in its summary judgment motion. 1CR235–344. Nor did Stonebriar provide the trial court with a copy of the "Promissory Note" mentioned in the final judgment. *Id*. Instead, Stonebriar insisted that it had provided all of the documents needed to support its claim as attachments to its summary judgment motion. 1CR435.

[2] In the "Landlord Waiver," Legacy's landlord (Pacific Proving, LLC) agreed to waive any lien or security in the equipment leased by Legacy, even though that equipment was used on and installed at the Landlord's premises. 1CR402–17. It further specified that the equipment was the "personal property" of Legacy and promised to allow access for inspections, maintenance, or repair of the equipment and to allow the equipment to be stored on premises. *Id*. Pacific Proving never asserted an interest that would have conflicted with Stonebriar's (or Insight's, for that matter). 1CR454–66. Nor did it take any action contrary to the protections afforded to Stonebriar. *Id*.; *see also* 1CR381–83 ("Insight is not aware of any events that would necessitate Stonebriar's use or need of the Landlord Waiver, nor has any party listed in such waiver made demand upon Insight or asserted an interest superior to Stonebriar.")

5

inability to provide [Stonebriar] with the Landlord Waiver for the above-referenced transaction." 1CR269. He further stated that, if the "original documentation is not delivered to [Stonebriar]'s office, then Insight, at [Stonebriar's] sole discretion, shall repurchase the Equipment Lease Agreement for the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees." *Id*. Stonebriar began receiving lease payments from the customer in August 2022, *see* 1CR383, but it quickly soured on the deal altogether.

**B. Even though it receives monthly payments from Arizona, Stonebriar cooks up a pretext to try and unwind the deal.**

In October 2022, Stonebriar used the lack of a signed Landlord Waiver as a purported reason to demand that Insight "immediate[ly] repurchase" the entire lease agreement for $ 4,841,021.72, plus daily interest of $ 1,315.17. 1CR278–80. Insight declined, pointing out that the terms of the agreement did not provide for such a demand. Insight further pointed out that Stonebriar had thus far received every one of the lease payments owed to it, and "has not been harmed in any manner whatsoever." 1CR282-83. Less than a week later, Stonebriar sued for breach of contract in Collin County, Texas. 1CR14–22. Before it even

received notice of Stonebriar's lawsuit, Insight sent Stonebriar an executed "Landlord Waiver" signed by Legacy's landlord on November 15, 2022 and "made and effective as of" June 30, 2022. 1CR382-82. Stonebriar still was not satisfied.

In a creative bit of wordplay, Stonebriar's Original Petition pleaded for only "equitable" and "nonmonetary relief" and "specific performance," plus attorneys' fees and costs. 1CR14, 1CR19. As it turned out, Stonebriar's definition of "equitable relief" meant having Insight pay millions of dollars for allegedly failing to timely deliver a document that Stonebriar never needed anyway. 1CR14–22.

## C. When the Arizona customer declares bankruptcy, the lease agreement is extinguished and re-negotiated into an outright sale to a new buyer, with Stonebriar *still* receiving monthly payments.

Seven months after Stonebriar filed its lawsuit, Legacy filed a Chapter 11 bankruptcy proceeding in Arizona, listing the Equipment Lease Agreement and naming both Stonebriar and Insight as creditors. 1CR481, 489, 570–71, 590, 624. Insight informed Stonebriar of the proceeding and requested Stonebriar participate in the bankruptcy and fully protect Stonebriar's acknowledged interests in the leased equipment (which, after all, were a critical part of the Stonebriar/Insight

7

Master Agreement being "non-recourse" as to Insight). Stonebriar refused (but at the same time "authorize[d] Insight to take certain actions . . . to protect interests of Insight and/or [Stonebriar] in connection with the Lease," and Insight was left to see what it could do preserve their right to receive payments for the equipment. 1CR418. The Arizona bankruptcy court confirmed that the Equipment Lease Agreement (and the related payments Legacy was supposed to be forwarding) was "rejected", thus allowing Legacy and Insight to novate the Equipment Lease Agreement entirely and sell the equipment outright in exchange for the new purchaser resuming monthly payments. 1CR379–84; 1CR 418; 1CR419–20; 1CR710–11. Throughout this lawsuit, Stonebriar has continued to receive monthly payments in various amounts. 1CR383. Such payments have reduced, *and continue to reduce*, the amount of principal Insight owes Stonebriar under the Promissory Note. But Stonebriar's theory in this case instead rests upon its claim that, once it demanded it be paid $4,841,021.72 in October 2022, that extinguished Stonebriar's rights and obligations with respect to Equipment Lease

Agreement entirely, and so Stonebriar has never bothered to account for the effect of these continuing payments on any amount allegedly owed.[3]

**D.  Stonebriar seeks, and is granted, a final judgment that orders Insight to "repurchase the Equipment Lease Agreement."**

Stonebriar sought summary judgment along the same bare and improper theory it asserted in its Original Petition, asking the trial court to order Insight "to repurchase the Equipment Lease Agreement pursuant to the terms of the Repurchase Letter." 1CR235–344. The trial court granted Stonebriar's motion, further awarding $291,341.00 for attorneys' fees and costs plus conditional awards of attorneys' fees in the amount of $160,800 for an appeal to the court of appeals and $183,630 for an appeal to the Supreme Court of Texas. *See* **Exhibit A**, Final Judgment signed September 16, 2024; 1CR1021–23.[4]

---

[3] *See* 1CR455-56 ("At this time, Stonebriar's only alleged monetary damages are the attorney's fees and costs Stonebriar incurred because of Insight's actions."); *see also* 1CR418 (Stonebriar asserting that its rights regarding the leased equipment were extinguished).

[4] The Original Clerk's Record in this matter was filed on December 30, 2024, and contains all filings and docket entries as of Insight's request for preparation of the clerk's record on December 10, 2024. Insight has requested a Supplemental Clerk's Record for filings and docket entries after December 10, 2024, and attaches certain documents filed in the trial court after December 10, 2024 within **Exhibits B-E** to this motion. **Exhibit E** also contains certain emails exchanged between counsel on which the trial court was not copied.

## E. Faced with a deficient final judgment, Insight posts a good-faith cash deposit to supersede Stonebriar's threats.

Insight filed a Motion to Reconsider, Set Aside, Reform or Vacate Judgment and Motion for New Trial, which was overruled by operation of law. 1CR1029–58. Out of an abundance of caution, Insight deposited $500 cash with the Collin County District Clerk's Office and filed notice of that deposit in the trial court. *See* **Exhibit B**, Notice of Cash Deposit.[5] But, once again, Stonebriar wanted more.

---

[5] Such a cash deposit under Tex. R. App. P. 24.1 is effective to supersede a judgment, even if the amount is allegedly insufficient under some other rule or principle. *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex. App.—San Antonio Feb. 7, 2018, no pet.). It was at least sufficient to supersede collection on attorneys' fees, which do not need to be included in the supersedeas amount. *In re Nalle Plastics Family Limited Partnership*, 406 S.W.3d at 173 (where attorney's fees are not part of the plaintiff's claim for damages, attorney's fees may not be considered either compensatory damages or costs for purposes of suspending enforcement of a money judgment, and should not be included in the calculation of the supersedeas amount); *see also In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014) (same); *In Interest of K.K.W.*, No. 05-16-00795-CV, 2018 WL 1477533, at *4 (Tex. App.—Dallas Mar. 27, 2018, no pet.) (trial court prohibited from requiring supersedeas for conditional appellate fees under Tex. R. App. P. 24.2(a)(3)); *Halleman v. Halleman*, No. 02-11-00238-CV, 2011 WL 5247882, * 5 (Tex. App.—Fort Worth Nov. 3, 2011, orig. proceeding) (mem. op.) (conditionally granting writ for trial court to vacate order requiring judgment debtor to deposit amount of conditional appellate fees awarded into the registry of the court as security for the appeal).

**F. Stonebriar asks the trial court order Insight to deposit instead what Stonebriar claims (for the first time) it is owed because of Insight's alleged breach of contract—$5,903,679.08.**

Even without an actual dollar amount contained in or ascertainable from the final judgment, Stonebriar asked the trial court to order Insight to post the full amount of the unpleaded contract damages that Stonebriar never properly asked for, never proved up, and did not set out within the proposed "Final Judgment" signed by the trial court. For the first time, Stonebriar asserted that the amount at issue was "$5,903,679.08"—a figure notably absent from both the pleadings and the final judgment signed by the trial court. *See* **Exhibit C**, Motion to Set Supersedeas Amount. In support of its demand, Stonebriar submitted a wholly conclusory declaration from Jeffrey L. Wilkison, Stonebriar's "Senior Vice President and Chief Risk Officer." *Id*. Wilkison's declaration asserts that Insight owes Stonebriar "$5,903,679.08," a sum that he arrived at by adding the "amount included in the October 14, 2022 Repurchase Demand ($4,841,021.72), plus $1,062,657.36 in accumulated interest for the 808 days since then ($1,315.17 in accumulated interest for each day after October 14, 2022)." *Id*. None of these figures, nor any related formula by which to calculate them, are recited within the final

judgment, and no reduction or offset for payments Stonebriar has continued to receive from the Arizona lessee are included.

**G. The trial court signs Stonebriar's proposed supersedeas order without an evidentiary hearing and without any evidence from Stonebriar as to what harm it will suffer as a result of Insight's pending appeal.**

Stonebriar's motion was filed at 6:31 pm on Tuesday, December 31, 2024. Over the next few business days, counsel for Stonebriar and Insight engaged in joint e-mail communications with the trial court's staff about setting an evidentiary hearing on Stonebriar's motion.[6] Through these e-mails, counsel for all parties learned that the trial court had already signed Stonebriar's proposed supersedeas order—without a hearing, and without Insight being afforded time to respond or lodge objections. The trial court ordered "Insight must post a supersedeas bond or deposit in the amount of $5,903,679.08 to stay the execution of judgment in this case pending appeal." *See* **Exhibit D**, Order Setting Supersedeas Amount signed January 6, 2025.

---

[6] *See* Collin County Local Rule 3.1 (requiring agreement, or at least good-faith efforts to secure agreement, before setting hearings). The e-mails between counsel, and with court staff, appear at **Exhibit E** hereto.

**H. Despite the defects in the final judgment, and even after Insight posts a cash bond, Stonebriar threatens to "start collecting."**

The trial court's order requires modification for two general reasons – (1) it was signed without hearing any evidence or giving Insight the opportunity to be heard, and (2) it does not reflect the standard in the rule requiring a bond to protect the judgment creditor from damage from not performing the judgment. *See* TEX. R. APP. P. 24.4(c).

Notwithstanding these defects, even before Stonebriar learned that the trial court had signed its proposed supersedeas order, and even after Insight's cash deposit, Stonebriar nonetheless threated Insight that it would "start collecting." *See* **Exhibit E** at pg. 3, 4.

In short, Stonebriar's entire approach to this lawsuit has been at odds with both well-settled law and the principles of equity that Stonebriar itself has repeatedly invoked. Stonebriar sought "equitable relief" in the form of "specific performance" to which it was not legally entitled, thus side-stepping having to prove up its entitlement to and amount of contract damages. Stonebriar's approach to supersedeas is the same—assuring the trial court that it is not seeking money damages while asking for a supersedeas amount *in excess of* what it would be

13

entitled to if it *had* sued for money damages. Stonebriar ostensibly relied on Texas Rule of Appellate Procedure 24.2(a)(3) in asking the trial court to set supersedeas at $5,903,679.08, but then failed to put on sufficient evidence to prove that was the correct amount. Such tactics should not be rewarded. Without a stay of the supersedeas order, the parties will be plunged into a continuing morass of uncertainty about what payments are really due and what happens to the underlying agreements and rights conferred therein. At a minimum, this Court should stay the trial court's supersedeas order and any enforcement efforts or post-judgment discovery so that the controversy at issue can be decided in a manner authorized by Texas law.

## STANDARD OF REVIEW

A court of appeals reviews a trial court's ruling regarding post-judgment security under the abuse-of-discretion standard. *Ramco Oil & Gas Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909–10 (Tex. App.—Houston [14th Dist.] 2005, published order). Here, the trial court's ruling turns on a question of law the interpretation of the supersedeas statutes and rules—which the Court reviews de novo, because a trial court has no "discretion" in determining what the law is or in applying

14

the law to the facts. *Shook v Walden*, 304 S.W.3d 910, 916, 917 (Tex. App.—Austin 2010, published order), disapproved of on other grounds by *In re Corral-Lerma*, 451 S.W.3d 385 (Tex. 2015); *Ramco*, 171 S.W.3d at 910; *see Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

The Court's primary objective when construing a statute is to ascertain and give effect to legislative intent. *In re E.C.*, 444 S.W.3d 760, 763 (Tex. App.—Fort Worth 2014, no pet.). The Court must consider the entire act, its nature and object, and the consequences that would follow from each proposed construction. *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991). The Court also should consider the object sought to be obtained, the circumstances under which the statute was enacted, and legislative history. *Shook*, 304 S.W.3d at 917; TEX. GOV'T CODE § 311.023. Further, the Court must presume that "a just and reasonable result is intended." *Shook*, 304 S.W.3d at 917; TEX. GOV'T CODE § 311.021(3). Thus, "[i]nterpretations of statutes that would produce absurd results are to be avoided." *Sharp*, 815 S.W.2d at 249; *see also Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *Shook*, 304 S.W.3d at 917.

The rules of procedure also are reviewed de novo using the same principles of construction that are applied to statutes, as described above. *See BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 871 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Thus, the Court must examine the rule as a whole to ascertain its intent. *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 681 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## LEGAL STANDARDS

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009); *Crowder v. Sanger*, No. 03-21-00291-CV, 2022 WL 2291213, at *2 (Tex. App.—Austin June 24, 2022, op. on motion) (per curiam) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 52.006; Tex. R. App. P. 24. The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *See, e.g., Smith v. Texas Farmers Ins.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

The amount of security required to supersede a judgment pending appeal depends on the type of judgment at issue. TEX. R. APP. P. 24.2 (a)(1)-(3). When the judgment is for something *other* than money or an interest in property, as Stonebriar asserts that this one is, the trial court must set the amount and type of security that the judgment debtor must post, and such amounnt must adequately protect the judgment creditor against loss or damage that the appeal might cause. TEX. R. APP. P. 24.2(a)(3). This is the very subsection that Stonebriar relies on below. But both the evidence Stonebriar submitted, and the procedure employed by the trial court to arrive at a decision in favor of Stonebriar are entirely defective.

"[Rule 24.2(a)(3)] requires calculating the 'loss or damage' that the judgment creditor ... faces during the appeal, not the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded." *Haedge v. Cent. Tex. Cattleman's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020) (per curiam); *see, e.g., Ryan v. Fender*, No. 12-21-00242-CV, 2022 WL 2062475, at *4 (Tex. App.—Tyler June 8, 2022, no pet.) (upholding $60K supersedeas amount where defendant failed to comply with court order to remove entire carport from plaintiff's property, and

17

trial court had considered plaintiff's age, lack of cash on hand, inability to live elsewhere while waiting for appeal to conclude, and that pending appeal made her property unmarketable). Thus, it was Stonebriar's burden to present competent evidence "to quantify 'the loss or damage that the appeal [as opposed to the failure to pay the underlying judgment itself] might cause.'" *Pedernales Elec. Coop., Inc. v. White*, No. 03-21-00034-CV, 2021 WL 401982, at *3 (Tex. App.—Austin Feb. 4, 2021, no pet.) (emphasis in original).

Finally, no matter what kind of judgment is at issue, the trial court must set the supersedeas amount at a sum that "will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by [TEX. R. APP. P. 24.2(a)] is likely to cause the judgment debtor substantial economic harm." TEX. R. APP. P. 24.2(b); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 918 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The trial court wholly failed to consider this issue as well.

## ARGUMENT

### A. No evidence supports the trial court's order that supersedeas should be set at $5,903,679.08.

Stonebriar took great pains to artfully plead that it was not suing Insight for recovery of money—indeed, Stonebriar particularly pleaded that it sought only "equitable" and "nonmonetary relief" in the form of "specific performance" and attorney's fees (albeit in unstated amounts). 1CR14–23. But Stonebriar's Motion to Set Supersedeas Bond essentially proceeded as if it *had* sued for and recovered a money judgment, asking to set the supersedeas amount at the very amount that Stonebriar now claims (without sufficient evidentiary support or notice) is "due and owing" as of December 30, 2024—"$5,903,679.08." *See* **Exhibit C**.

This figure is nowhere to be found in the final judgment. Nor did the final judgment recite any formula by which that amount can be calculated. Nor does any other document in the summary judgment record. Nonetheless, Stonebriar's motion argues that the final judgment orders Insight to tender a "specific amount to Stonebriar." **Exhibit C**, at pg. 7. This is demonstrably untrue—indeed, the lack of specificity (or even a formula) is one of the points Insight made in its arguments to this Court and in its Motion for New Trial/Motion for Reconsideration.

## B.    The final judgment cannot be performed.

The final judgment purports to require Insight "repurchase the Equipment Lease Agreement pursuant to the terms of the Repurchase Letter," defining those terms according to Stonebriar's summary judgment motion.[7] Stonebriar's summary judgment motion defines "Equipment Lease Agreement" as meaning the following:

- Specification No. 1 to the Master Non-Recourse Security Agreement, which sets out several key terms and documents for the agreement between Insight and Stonebriar to lease a particular set of equipment to Legacy; *and*

- "Schedule A" to Specification No. 1, which further incorporates an additional six documents:

  (a)    Master Lease Agreement No. 9586 between Insight and Legacy;
  (b)    Schedule No. 2 to Master Lease Agreement No. 9586 (setting out the essential terms of the Legacy/Insight lease and listing a 10-page inventory of the leased equipment);
  (c)    Certificate of Acceptance;
  (d)    Notice of Assignment;
  (e)    Landlord Waiver; and
  (f)    Certificates of Insurance from Legacy.

1CR237; 1CR248-67.

---

[7] A judgment should not require someone to refer to other documents in order to be able to comply; this is a point Insight will discuss in its brief on appeal.

Stonebriar uses "Repurchase Letter" to mean Insight's July 25, 2022 offer to "indemnify[y] and hold[] [Stonebriar] harmless from Insight's inability to provide [Stonebriar] with the Landlord Waiver." 1CR269. Stonebriar demanded, and the trial court's final judgment orders, Insight perform according to the last paragraph of that "Repurchase Letter"—*i.e.,* "repurchase the Equipment Lease Agreement for the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees." *Compare* 1CR269; **Exhibit A.** But among the fatal problems with this final judgment is the fact that Insight is unable to perform.

First, the Legacy/Insight lease that is the lynchpin of the "Equipment Lease Agreement" was "rejected" during Legacy's bankruptcy and subsequently extinguished. *E.g.*, 1CR710–11; 1CR379–84 ("Ultimately, the Bankruptcy Court entered an order authorizing the sale of substantially all of Legacy Cares, Inc.'s assets. Subsequently, Legacy Cares, Inc. and a purchaser, Burke Operating Partners LLC, negotiated and entered into an Asset Purchase Agreement concerning the leased equipment."); 1CR 418 (letter from Stonebriar acknowledging

21

the bankruptcy and authorizing Insight to negotiate with Legacy and a new buyer to protect Stonebriar's interests); 1CR419–20 (explaining circumstances giving rise to Burke's "buyout" of lease agreement as part of bankruptcy settlement). With the Bankruptcy Court's approval, the lease was thus extinguished, and the equipment was purchased outright, with Stonebriar and Insight to receive monthly payments going forward from the new purchaser. *Id*. In other words, the "Equipment Lease Agreement" referred to the trial court's final judgment *no longer exists*— a point Insight made in its response to Stonebriar's motion for summary judgment and would have reiterated in the hearing on the amount of the bond if such a hearing had been afforded.

Second, the trial court's final judgment ostensibly orders Insight to "repurchase" the Equipment Lease Agreement for "the principal outstanding of the Promissory Note." **Exhibit A**. The amount of "principal outstanding of the Promissory Note" as of the date of the final judgment is a disputed fact that the trial court's final judgment does nothing to resolve.[8] Just as a party should not be ordered to perform an

---

[8] Of course, as Insight will explain in more detail in its Appellant's Brief, Stonebriar's tactic of pleading for "equitable relief" in the form of "specific performance" and

impossibility, it should not be ordered to pay whatever amount the other side demands. Nor should a party be required to post anything other than a nominal amount to supersede such a judgment.

### C. Stonebriar failed to carry its burden under Rule 24.2(a)(3) of presenting competent evidence to quantify the harm it will suffer because of Insight's pending appeal.

Insight does not concede that the final judgment is proper, nor does it concede that it should be required to post any amount of supersedeas at all in light of the ambiguity created by Stonebriar's procedural choices and the final judgment's lack of clarity. At the bare minimum, however, Stonebriar has argued that the supersedeas amount should be set pursuant to Texas Rule of Appellate Procedure 24.2(a)(3), and Stonebriar accordingly at least had the burden of quantifying the "harm" it will suffer because of Insight's pending appeal. Caselaw makes clear that this "harm" is not the mere delay of having to wait for Insight to pay the amount Stonebriar claims was owed, plus what Stonebriar insists (incorrectly) has accrued as "daily" interest of "$1,315.17",[9] especially

---

repeatedly disclaiming "damages" did nothing to entitle it to such a judgment in the first place.

[9] This assertion cannot be reconciled with the provisions for calculating pre- and post-judgment interest under either Texas or New York law. *See, e.g., Piraino v State of New York*, 83 Misc.3d 489, 214 N.Y.S.3d 592 (Ct. of Cl. 2023) (no predicate for an

when Stonebriar is receiving monthly payments that continue to reduce any amount owed under the relevant agreements and which are not accounted for in its present motion.[10]

The Texas Supreme Court's opinion in *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 825–28 (Tex. 2020) is helpful here. In that case, plaintiffs alleged they were wrongfully divested of membership in an organization that gave them access to valuable grazing land. Plaintiffs sued for a TRO, declaratory relief, and breach of contract, seeking to (among other things) retain their right to graze their cattle at that location. After the trial court entered judgment for the defendants, plaintiffs sought to suspend enforcement and preserve the status quo. The trial court held an evidentiary hearing, at which plaintiffs provided evidence that it would cost at least $66,200 to find alternative grazing

---

award of statutory interest in the absence of a "sum" actually "awarded" against defendant for breach of contract); N.Y. C.P.L.R. 5001 (McKinney); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998); *World Food Imports, Inc. v. HHO United Group, Inc.*, No. 05-22-01160-CV, 2024 WL 4553211, at *15 (Tex. App.—Dallas Oct. 23, 2024, no pet. h.) ("While a trial court may award equitable prejudgment interest on a monetary award grounded in specific performance, here there is no monetary award to Choudhury for his commission.") (internal citation omitted).

[10] *See* Insight's Response to Plaintiff's Renewed Motion for Summary Judgment and Exhibit A, at ¶ 16 thereto, incorporated herein as if set forth in full. 1CR359–737; 1CR383.

sites. The trial court ordered the supersedeas amount to be set at $2,500. The Amarillo Court of Appeals later increased it to $132,400—approximately two years of the estimated grazing fees plaintiffs argued they would otherwise incur. Ultimately, the Supreme Court held that this was not a proper supersedeas amount because it was based on the financial costs and harm the judgment debtors (*i.e.*, the appellants) would suffer if the judgment *against them* was enforced.

The Supreme Court explained that, in the context of Rule 24.2(a)(3), supersedeas "must adequately protect the judgment *creditor* against loss or damage that the appeal might cause." *Id.* (emphasis added). The Court further explained that "'[l]oss or damage' in the supersedeas context refers to 'monetary or material losses ascertainable by proof, either by the judgment itself, or, where that is not conclusive, by evidence relating to proof of damages generally.'" *Id.* So Stonebriar was required to prove the amount of "monetary or material losses ascertainable by proof" that it will suffer (if any) by virtue of Insight staying execution on the final judgment during the pending appeal. This is not the same as asking what benefits accrue to Insight by staying execution, nor is it the same as

25

asking what harm Insight avoids by its appeal. At any rate, Stonebriar makes no effort to answer *any* of these questions.

**D.  The declaration Stonebriar submitted in support of its supersedeas motion must be disregarded entirely.**

The only evidence Stonebriar submitted in support of its motion is really no evidence at all. *See* **Exhibit C**, at pg. 23–25 (Declaration of Jeffrey L. Wilkison).[11] The declaration of Jeffrey L. Wilkison is wholly irrelevant, conclusory, and inadmissible under the Texas Rules of Evidence. It is hearsay in its entirety, and it should be disregarded entirely.

Further, the declaration does not offer any evidence or opinions (assuming Wilkison is competent to offer them, which is not demonstrated here either) on the only relevant issue at hand—the amount of "monetary or material losses ascertainable by proof" that Stonebriar will suffer (if any) by Insight staying execution on the final judgment during the pending appeal. Wilkison has not shown himself qualified to form an opinion on the legal meaning of the terms at issue in

---

[11] Before Insight could file its objections to Wilkison's declaration in the trial court, the trial court had already signed Stonebriar's proposed order on its supersedeas motion. Insight filed its objections in the trial court on January 13, 2025.

the relevant documents, which Stonebriar claims are unambiguous anyway. The meaning of the documents at issue is a question of law reserved for the courts. *E.g., Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.,* 590 S.W.3d 471, 479 (Tex. 2019) (parol evidence rule, which "applies to writings that evidence the creation, modification, termination, or securing of a right or obligation under the contract," bars consideration of evidence that contradicts, varies, or adds to the terms of an unambiguous written agreement).[12]

This is not a suit on a sworn account, no matter how much Stonebriar wishes to treat it like one. Each and every amount alleged due is contested, as are many of the most critical elements of Stonebriar's

---

[12] There is no provision for such conclusory declarations to become sufficient evidence to carry Stonebriar's burden. In fact, there is no provision for affidavits to be used at this juncture at all. While the Rules permit affidavits to be filed with respect to net worth under Texas Rule of Appellate Procedure 24.2(a)(1) and (e), even those affidavits must be disregarded entirely if they are not sufficiently complete and reliable. *Moss v. Holzworth*, No. 14-24-00266-CV, 2024 WL 5116975, at *4 (Tex. App.—Houston [14th Dist.] Dec. 10, 2024, no pet. h.). And once the judgment creditor disputes the asserted net worth, then there is an evidentiary hearing at which witnesses must testify. *See Hunter Buildings & Mfg., L.P. v. MBI Glob., L.L.C.*, 514 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2013, no pet.)(noting cross-examination of witnesses). There is no corresponding rule permitting affidavits in lieu of live testimony with respect to the matters at issue in Texas Rule of Appellate Procedure 24.2(a)(3). Thus, declarations such as Wilkison's are nothing but rank hearsay and wholly insufficient to carry Stonebriar's burden here.

underlying breach of contract claim, and *none* of these elements or amounts are supported by competence evidence in the record.

### E. Insight's cash deposit of $500 is sufficient under the circumstances, and requiring additional security is against public policy.

Even if Stonebriar has correctly characterized this case as one for "equitable relief" (and Insight does not concede that point), a nominal amount has been held appropriate where the plaintiff failed to show how it will be harmed by the pendency of an appeal. *Qatar Found. for Educ., Sci. & Cmty. Dev. v. Paxton*, No. 03-20-00129-CV, 2020 WL 6269267, at *4 (Tex. App.—Austin Oct. 22, 2020, no pet.). In such cases, the "status quo" to be protected by supersedeas is the status quo before the trial court issued final relief—*i.e.*, before the trial court signed the final judgment. *Id.* Until a court of last resort affirms the final judgment, the "status quo" is the absence of any obligation by Insight to pay Stonebriar the sums now demanded.

The supersedeas rules were amended more than 20 years ago "to provide a measure of relief to judgment debtors seeking to appeal by making it less costly to bond the judgment." *Texas Standard Oil & Gas, L.P. v. Frankel Offshore Energy, Inc.*, 344 S.W.3d 628, 631 (Tex. App.–

Houston [14th Dist.] 2011) (published order) (Jamison, J., concurring). "The fundamental reason for this shift was the legislature's perception that the cost of providing appellate security in an era of large actual and punitive damage awards threatened judgment debtors' ability to seek meaningful appellate review." D. Todd Smith, *Superseding Punitive Damages on Appeal: Does the House Bill 4 Exclusion Apply to Federal Court Judgments?*, 18 APPELLATE ADVOCATE 17, 19 (Spring 2006); *see also Nalle*, 406 S.W.3d at 170. Stonebriar's demand, and the trial court's ordering, that Insight post a nearly $6 million dollar bond on the record below strips Insight of the right to appeal the very award at issue, and goes far beyond what Stonebriar might have demanded if it had sought its actual breach of contract damages, pre-judgment interest, post-judgment interest, and costs as permitted under Texas law. Further, the order wholly ignores that pre-judgment interest is generally not permitted on "equitable" judgments under New York law, absent special circumstances that do not exist here. This Court should not permit such absurd and unjust results.

## PRAYER

Accordingly, as set out in its accompanying motion for temporary relief, Insight respectfully requests that this Court issue an emergency stay of the trial court's supersedeas order and further preclude Stonebriar from attempting to enforce, execute, or collect on the judgment pending the Court's resolution of this matter.

As to the supersedeas order, Insight requests that it be set aside entirely and this Court order instead that no additional security need be posted by Insight. In light of the deficiencies of the underlying final judgment, including the lack of any particular amount or formula by which to calculate the amount of money Insight is supposed to pay Stonebriar to "repurchase" as ordered and Stonebriar's failure to properly plead for or prove up its requested relief below, no additional amount of money beyond that already deposited by Insight should be required. Insight also prays that Stonebriar be precluded from conducting any post-judgment discovery.

In the alternative, Insight suggests that the Court might want to carry the supersedeas motion with the case inasmuch as the impossibility of complying with the final judgment affects both the amount of the bond

30

and the validity of the judgment on the merits. In the further alternative, Insight prays for this Court to stay the trial court's supersedeas order and remand the supersedeas issue to the trial court to hold an evidentiary hearing on the motion to set the amount of bond. Insight further requests any other and further relief to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 - Telephone
(713) 572-4320 - Facsimile
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

**Counsel for Appellant Insight Investments, LLC**

## CERTIFICATION

I certify that I have reviewed the foregoing motion and have concluded that every factual statement in the motion is supported by the attached exhibits or by the Original Clerk's Record already on file in this case. Further, Insight has requested a Supplemental Clerk's Record for matters not included in the Original Clerk's Record, which was filed in this Court on December 30, 2024.

/s/ Rachel H. Stinson
Rachel H. Stinson
Dated: January 16,2025

## CERTIFICATE OF CONFERENCE

On January 16, 2025, I conferred with counsel for Appellee, and she stated that her client **opposes** the relief sought by this motion, including Insight's request for temporary relief from this Court.

/s/ Rachel H. Stinson
Rachel H. Stinson

## CERTIFICATE OF SERVICE

On January 16, 2025, true and correct copies of this Motion were forwarded to all counsel of record, via e-service, by transmitting to the undersigned's electronic service provider.

/s/Rachel H. Stinson
Rachel H. Stinson

# Exhibit A
## Final Judgment (1CR1021)

Filed: 9/5/2024 5:23 PM
Michael Gould
District Clerk
Collin County, Texas
By Natika Dixon Deputy
Envelope ID: 91703149

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § § | |
| Defendant. | § § | **JURY TRIAL DEMANDED** |

**[PROPOSED] FINAL JUDGMENT**

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), for the reasons set forth by Stonebriar, and based on the entire record herein, including the pleadings, arguments of counsel, if any, and evidence submitted by the parties—including the evidence submitted in connection with the August 6, 2024 hearing on attorneys' fees and costs—the Court GRANTS Stonebriar's Renewed MSJ in its entirety and renders judgment in favor of Stonebriar on Stonebriar's claims for breach of contract and attorneys' fees. Insight's Objections to Stonebriar's Renewed Traditional MSJ are OVERRULED, and Insight's Motion for Rehearing and New Trial is DENIED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement[1] pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment. Insight is further ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and costs in the amount of $ 291,341.00. In addition, Stonebriar is awarded conditional appellate attorneys' fees and costs in the amount of $160,800 for any appeal to the intermediate court of appeals. Stonebriar is further award conditional appellate attorneys' fees and costs in the amount of $183,630 for any appeal to the Supreme Court of Texas (consisting of $66,840 for the petition for review stage, and $116,790

---

[1] Capitalized terms not otherwise defined in this Final Judgment have the meaning given to them in Stonebriar's Renewed MSJ.

**1021**

for the merits briefing stage, oral argument, and conclusion of the appeal).

This is a final, appealable judgment that disposes of all claims between the parties. All relief not expressed granted by this Final Judgment is DENIED.

9/16/2024
_____
DATE

*Benjamin A. Smith*
_____
PRESIDING JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of LeElle Slifer
Bar No. 24074549
rmarks@winston.com
Envelope ID: 91703149
Filing Code Description: Proposed Order
Filing Description: Final Judgment
Status as of 9/17/2024 8:41 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | DFrench@winston.com | 9/5/2024 5:23:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 9/5/2024 5:23:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/5/2024 5:23:30 PM | SENT |

# Exhibit B
Notice of Cash Deposit

Filed: 12/30/2024 9:54 AM
Michael Gould
District Clerk
Collin County, Texas
By Alma Borboa Deputy
Envelope ID: 95704262

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | COLLIN COUNTY, TEXAS |
| | § § | 380th JUDICIAL DISTRICT |
| v. | § § § | |
| | § | **Jury Trial Demanded** |
| INSIGHT INVESTMENTS, LLC, | § | |
| *Defendant.* | | |

### INSIGHT INVESTMENTS, LLC'S NOTICE OF CASH DEPOSIT

Pursuant to Texas Rules of Appellate Procedure 24.1 and 24.2, Defendant Insight Investments, LLC ("Insight") hereby files this Notice of Cash Deposit, and would show as follows:

1. Defendant has deposited **$500.00** into the registry of this Court to supersede the Final Judgment entered against it.

2. On September 16, 2024, the trial court signed a "Final Judgment" in favor of Plaintiff and against Defendant Insight. Defendant intends to appeal this "Final Judgment" to the intermediate court of appeals, and if necessary, to the Texas Supreme Court. Defendant seeks to supersede execution of the "Final Judgment" pending final determination of all appeals. Defendant also seeks to suspend any collection efforts pending issuance of a final mandate from the appellate courts. *See* TEX. R. APP. P. P. 24.1, 24.2.

Copy from re:SearchTX

3. The "Final Judgment" at issue does not specify an amount of compensatory damages, nor does it direct a particular amount of money to be paid by Defendant to Plaintiff. Nonetheless, out of an abundance of caution, Defendant makes this cash deposit to supersede enforcement, and such deposit is effective upon receipt by the district clerk. *See* TEX. R. APP. P. 24.1, 24.2.

4. At the very least, the cash deposit is sufficient to supersede enforcement of the attorneys' fee award in the judgment. Attorneys' fees are not included in the amount required to supersede enforcement of a judgment. "Because attorney's fees are neither compensatory damages nor costs for purposes of suspending enforcement of a money judgment, we conditionally grant the writ and direct the trial court to vacate its order and refund any monies overpaid by Nalle." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 176 (Tex. 2013).

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

2

Copy from re:SearchTX

*and*

Mark W. Stout
State Bar No. 24008096
Owen C. Babcock
State Bar No. 24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
817-338-1616 (Phone)
817-338-1610 (Facsimile)
mstout@padfieldstout.com
obabcock@padfieldstout.com

*Attorneys for Defendant Insight Investments, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, a true and correct copy of the foregoing was served upon all counsel of record in accordance with the requirements set forth in the Texas Rules of Civil Procedure and e-filed with the undersigned's e-filing provider.

*/s/ Rachel H. Stinson*
Rachel H. Stinson

3

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mandy Gonzales on behalf of Rachel Hope Stinson
Bar No. 24037347
gonzales@wrightclosebarger.com
Envelope ID: 95704262
Filing Code Description: Bond
Filing Description: Notice of Cash Deposit
Status as of 12/30/2024 10:58 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 12/30/2024 9:54:35 AM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/30/2024 9:54:35 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/30/2024 9:54:35 AM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/30/2024 9:54:35 AM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/30/2024 9:54:35 AM | SENT |

Copy from re:SearchTX

**Exhibit C**
Motion to Set Supersedeas Amount

Filed: 12/31/2024 6:11 PM
Michael Gould
District Clerk
Collin County, Texas
By Karli Curtius Deputy
Envelope ID: 95764844

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § | COLLIN COUNTY, TEXAS |
| v. | § § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § § | |
| | § § | |
| *Defendant*. | § | |

## PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT

Plaintiff Stonebriar Commercial Finance LLC ("Stonebriar") files this Motion to Set Supersedeas Amount, asking this Court to set the supersedeas amount at $5,903,679.08 and, in doing so, declare Insight Investments, LLC's ("Insight") $500 cash deposit insufficient to suspend this Court's Final Judgment. In support of this Motion, Stonebriar respectfully shows the Court as follows:

## INTRODUCTION

A judgment debtor has a choice: the debtor can submit to the judgment and abide by its terms, or the debtor can supersede the judgment for the duration of the debtor's appeal by filing a proper bond or deposit with the trial court. Insight did neither. Instead of submitting to the judgment or posting a proper bond or deposit, Insight has instead made a $500 cash deposit with the clerk of the Court. It is unclear what this $500 represents, or how Insight arrived at this figure. (Insight's notice and letter to the clerk provide no such explanation, and Insight's counsel has provided no explanation, either.) But that doesn't matter. What matters, for purposes of this Motion, is that the $500 cash deposit is insufficient to protect Stonebriar against the loss or damage it faces as a result of Insight's appeal. And it fails to provide Stonebriar with any assurance that it can collect on this Court's Final Judgment if (and when) it is affirmed on appeal.

This Court's Final Judgment requires Insight to repurchase a certain lease agreement from

**Stonebriar's Motion to Set Supersedeas Amount** - Page 1

Stonebriar. As of today, that requires Insight to pay Stonebriar $5,903,679.08. This equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72), plus the $1,062,657.36 in contractually agreed-upon interest that Insight has accrued in the 808 days since ($1,315.17 each day). Accordingly, this Court should set the supersedeas amount at $5,903,679.08, the undisputed amount owing at the time of Stonebriar's initial repurchase demand plus the accumulated interest in the time since. This Court should further award Stonebriar its reasonable attorney's fees incurred in prosecuting this Motion, which Stonebriar has only incurred due to Insight's continued gamesmanship in this matter.

## BACKGROUND

In November 2022, Stonebriar sued Insight for breach of contract and attorney's fees based on a short, simple, and exceedingly clear contract (the "Repurchase Letter")—which Insight drafted itself and executed. *See* Pl.'s Orig. Pet. at 4 ¶ 14; Renewed Traditional Motion for Summary Judgment ("Renewed MSJ") at 4 ¶ 5 (citing Ex. C).

The Repurchase Letter states that Stonebriar will provide Insight with a loan evidenced by a promissory note dated July 27, 2022 ("Promissory Note"). *See* Renewed MSJ, Ex. C. Insight, in turn, will deliver certain original documentation to Stonebriar's office. *Id.* If Insight fails to deliver the original documentation to Stonebriar, then Stonebriar has "sole discretion" under the Repurchase Letter to require Insight to repurchase a certain Equipment Lease Agreement.[1] There is no right to cure. The repurchase price, according to the Repurchase Letter, shall equal "the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees." *See id.*

---

[1] "Equipment Lease Agreement" has the meaning given to it in Stonebriar's Renewed MSJ.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 2

Copy from re:SearchTX

While Stonebriar timely provided Insight with the loan described in the Repurchase Letter, Insight failed to deliver the original documentation to Stonebriar despite several inquiries from Stonebriar over a significant period of time. Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶¶ 6–7; *see* Def.'s Resp. to Pl.'s Renewed MSJ, Ex. A, Declaration of Insight President at 3 ¶ 7 (acknowledging that "Stonebriar loaned $5,010,998.00 to Insight for the purchase of equipment for use in Lessee's business operations."). Stonebriar therefore exercised its discretion under the Repurchase Letter and demanded Insight repurchase the Equipment Lease Agreement for the amount outstanding on the loan plus accrued interest—which, as of October 14, 2022, totaled $4,841,021.72. *See id.* at 2 ¶ 8; Renewed MSJ, Ex. E; Def.'s Resp. to Pl.'s Renewed MSJ, Ex A at 4 ¶ 11 (acknowledging that, on October 14, 2022, "Stonebriar demanded that Insight immediate [*sic*] repurchase [the Equipment Lease Agreement] through payment of $4,841[,]021.72"). As part of the demand, Stonebriar informed Insight that interest would accumulate at "$1,315.17 for each day [t]hereafter." Renewed MSJ, Ex. E.

Insight still didn't respond, so Stonebriar sent a follow-up demand letter to Insight on November 2, which demanded that "Insight 'immediately consummate the repurchase of the Equipment Lease Agreement' and remit payment of $4,864,694.78."[2] Def.'s Resp. to Pl.'s Renewed MSJ, Ex. A at 4 ¶ 12. When Insight finally responded, it did not contest the calculation of the repurchase price or the accumulated interest under the Repurchase Letter. Instead, Insight refused to repurchase the Equipment Lease Agreement altogether and promised to provide Stonebriar with the required original documentation "soon." *See id.* But that was no longer an option and—even if it was—Insight to this day has never delivered the original documentation to Stonebriar, as it was

---

[2] This amount (that is, the $4,464,694.78 that Stonebriar demanded on November 2, 2022) equals the amount Stonebriar initially demanded on October 14, 2022, plus $23,673.06 in accrued interest (18 days at $1,315.17 in daily interest).

**Stonebriar's Motion to Set Supersedeas Amount** - Page 3

Copy from re:SearchTX

required to do.  *See* Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶ 6

Shortly after initiating the lawsuit, Stonebriar moved for traditional summary judgment on its claims for breach of contract and attorney's fees, citing the plain language in the Repurchase Letter and the limited universe of facts (none of which Insight could dispute).  Pl.'s Orig. Mot. for Summary Judgment at 1.  Instead of responding, Insight moved for a continuance, emphasizing its need to conduct discovery prior to summary judgment, including at least two depositions allegedly "strik[ing] to the heart of the dispute.  *See* Def.'s Mot. for Continuance at 2 ¶¶ 5–6.  The Court thereafter granted the continuance.

Insight then did next-to-nothing for the following year.  Insight never followed up on the depositions.  And Insight only issued a handful of written discovery requests, after close of business on the last possible day to do so.  *See* Renewed MSJ at 7 (chart illustrating Insight's inaction).

Accordingly, in March 2024, Stonebriar renewed its traditional motion for summary judgment. Insight opposed Stonebriar's Renewed Motion for Summary Judgment and asserted a slew of objections to Stonebriar's summary judgment evidence, each of which required a response from Stonebriar.  After reviewing these materials, the Court granted Stonebriar's Renewed Motion for Summary Judgment and overruled all of Insight's objections.  *See* Ex. A, Order Granting Summary Judgment.

Insight filed a motion for rehearing and motion for new trial following this Court's order granting Stonebriar summary judgment.  But this Court again denied Insight's motion and entered final judgment in Stonebriar's favor shortly thereafter (the "Final Judgment").  *See* Ex. B, Final Judgment.  As part of that Final Judgment, this Court ordered Insight to repurchase the Equipment Lease Agreement—as that term is defined in Stonebriar's Renewed Motion for Summary Judgment— and awarded Stonebriar all its requested attorneys' fees, including conditional appellate attorneys' fees.

Copy from re:SearchTX

*See id.* Insight then filed a second motion for new trial—which largely mirrored its first motion for new trial—but the motion was overruled as a matter of law.

Having exhausted all post-judgment options, Insight has now noticed its appeal. But instead of noticing its appeal to the Fifth Court of Appeals as required by law, Insight has noticed its appeal to the Fifteenth Court of Appeals based on a tortured interpretation of the newly established Court's jurisdictional reach. (As of now, the appeal is still pending in that Court.) Insight has also deposited cash into the Court's registry in a purported attempt to supersede this Court's judgment. *See* Ex. C, Letter to Clerk. The amount of the deposit: **$500.**

It is obvious that five hundred dollars would not adequately protect Stonebriar during the pendency of Insight's appeal. When Stonebriar prevails on appeal, Insight will be obligated to pay to repurchase the Equipment Lease Agreement from Stonebriar pursuant to this Court's Final Judgment. That amount is currently $5,903,679.08. This equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72), plus the $1,062,657.36 in contractually agreed-upon interest that Insight has accrued in the 808 days since. Accordingly, at a minimum, this Court should set the supersedeas amount at $5,903,679.08, the undisputed amount owing at the time of Stonebriar's initial repurchase demand plus the accumulated interest in the time since.

While counsel for Stonebriar advised counsel for Insight of the insufficiency of the deposited amount ($500), counsel for Insight has refused to make any take any further action. Because Insight's deposit does not comply with law and counsel for Insight refuses to engage with counsel for Stonebriar on this issue, Stonebriar must now move this Court to set the supersedeas amount at $5,903,679.08. Ex. D, Declaration of Jeffrey L. Wilkison.

Copy from re:SearchTX

## ARGUMENT

**I.      The Supersedeas Amount Should Be the Amount Required to Repurchase the Equipment Lease Agreement ($5,903,679.08, as of today).**

The Texas Rules of Appellate Procedure allow a judgment creditor to suspend execution of a judgment during the pendency of appeal by filing a "good and sufficient" bond, making a cash deposit in lieu of a bond, or by providing alternative security ordered by the court. Tex. R. App. P. 24.1(a), (b); *see also* Tex. Civ. Prac. & Rem. § 52.006. "The intent of the rule is to enable the appellee to collect the judgment against the appellant and [its] sureties if the judgment is affirmed." *FaulknerUSA, LP v. Alaron Supply Co., Inc.*, 301 S.W.3d 345, 347 (Tex. App.—El Paso 2009, no pet.). The trial court retains jurisdiction to order or modify the amount and type of security necessary to supersede its judgment, even after its plenary power expires. Tex. R. App. P. 24.3(a).

The amount of the bond or deposit depends on the type of judgment at issue. *See* Tex. R. App. P. 24.1, 24.2(a). "When the judgment is for something other than money or an interest in property—such as a judgment for specific performance on a contract—the trial court 'must set the amount and type of security that the judgment creditor must post.'" *Waterford Lago Vista, LLC v. Waterford Dev. Partners, L.P.*, No. 3-24-27-CV, 2024 WL 3207528, at *1–*2 (Tex. App.—Austin June 28, 2024, no pet.); Tex. R. App. P. 24.2(a)(3).

While the trial court has wide discretion in setting the amount and type of security necessary to supersede the judgment, the supersedeas amount "must adequately protect the judgment creditor against loss or damage that the appeal might cause." Tex. R. Civ. App. P. 24.2(a)(3); *see Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.). This is determined by evaluating the "monetary or material losses ascertainable . . . by the judgment itself" or "by evidence relating to proof of damages generally." *Waterford Lago Vista*, 2024 WL 3207528, at *2 (quoting *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 828 (Tex. 2020)).

Copy from re:SearchTX

Here, the Court's Final Judgment orders Insight to—among other things—"repurchase the Equipment Lease Agreement" from Stonebriar "pursuant to the terms of the Repurchase Letter," as Insight was already obligated to do when Stonebriar first exercised its discretion and demanded Insight repurchase the Equipment Lease Agreement for $4,841,021.72 (the amount outstanding on the loan plus accrued interest as of October 14, 2022). Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶ 8; Renewed MSJ, Ex. E; Def.'s Resp. to Pl.'s Renewed MSJ, Ex A at 4 ¶ 11. Because the Final Judgment orders Insight to specifically perform under a contract—albeit by tendering a specific amount to Stonebriar—the judgment is primarily for something other than "money or an interest in property." Tex. R. App. P. 24.2(a)(3); *see Waterford Lago Vista*, 2024 WL 3207528, at \*1–\*2 (reasoning that a judgment requiring specific performance falls under Rule 24.2(a)(3)). Accordingly, the Court must set the amount required to supersede its judgment at an amount sufficient "to adequately protect" Stonebriar against loss or damage that the appeal might cause.

That amount plainly is not $500, as Insight's eleventh-hour cash deposit suggests. Rather, it is the amount required to repurchase the Equipment Lease Agreement from Stonebriar under the Repurchase Letter. As of today, that amount is currently $5,903,679.08, which equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72) plus the $1,062,657.36 in interest that Insight has accrued in the 808 days since ($1,315.17 each day after October 14, 2022).[3] Ex. D. This amount adequately protects Stonebriar from the loss or damage it will experience as a result of the appeal—that is, the amount Insight would otherwise be required to pay Stonebriar pursuant to this Court's Final Judgment (excluding attorneys' fees, see note 2). And it ensures Stonebriar's ability

---

[3] Arguably, this amount should also include attorneys' fees since the repurchasing the Equipment Lease Agreement would include such fees. However, Texas law is unclear whether in the present instance a supersedeas bond or deposit should include attorneys' fees and so, out of an abundance of caution, Stonebriar has not included attorney's fees in this calculation.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 7

Copy from re:SearchTX

to recover if (and when) this Court's judgment is affirmed, which aligns with the purpose of the supersedeas rule. *See Faulkner*, 301 S.W.3d at 347. For these reasons, this Court should set the amount necessary to suspend its Final Judgment at $5,903,679.08.

10. In addition, this Court should award Stonebriar the reasonable attorney's fees it has incurred in moving this Court to set a proper supersedeas amount, given Insight's plainly deficient $500 cash deposit and its counsel's unwillingness to respond to communications on this issue. *See Howell v. Tex. Workers' Compensation Com'n*, 143 S.W.3d 416, 446–47 (Tex. App.—Austin 2004, pet. denied) (describing the Court's inherent authority and authority under Rule 13 to impose sanctions to deter, alleviate, and counteract bad-faith abuse of the judicial process). Such an award would deter such frivolous deposits in the future and thereby preserve this Court's limited resources. *See id.* It would further deter parties from disingenuously advocating for unnecessary continuances, such as Insight did here. The Court can—and should—take this past conduct into account when considering the propriety of ordering attorneys' fees. *Great Western Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 698 (Tex. App.—Eastland 2009, no pet.) (noting the appropriateness of considering past behavior in imposing sanctions). And considering this past conduct—coupled with Insight's most recent maneuver with the $500 cash deposit—this Court should award Stonebriar all reasonable attorney's fees incurred in prosecuting this Motion.

## CONCLUSION

For these reasons, Stonebriar respectfully requests that this Court grant Stonebriar's Motion to Set Supersedeas Amount and set the amount necessary to supersede its Final Judgment at $5,903,679.08. Stonebriar further requests an award of all attorney's fees incurred in the prosecution of this Motion as well as all other relief to which Stonebriar may show itself to be justly entitled.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 8

Copy from re:SearchTX

Dated: December 31, 2024

Respectfully submitted,

/s/ LeElle Slifer
LeElle Slifer
State Bar No. 24074549
Dylan French
State Bar No. 24116393
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, Texas 75202
Telephone: (214) 453-6500
lslifer@winston.com
dfrench@winston.com

*Attorneys for Plaintiff Stonebriar Commercial Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on December 31, 2024 to all counsel of record via E-Filing.

/s/ Dylan French
Dylan French

## CERTIFICATE OF CONFERENCE

I certify that counsel for Stonebriar has conferred with counsel for Insight via email regarding Stonebriar's the supersedeas amount proposed in this Motion. Insight refused to agree to the proposed amount.

/s/ Dylan French
Dylan French

**Stonebriar's Motion to Set Supersedeas Amount** - Page 9

Copy from re:SearchTX

# EXHIBIT A

Copy from re:SearchTX

Filed: 5/2/2024 11:53 PM
Michael Gould
District Clerk
Collin County, Texas
By Johnna Meadows Deputy
Envelope ID: 87338191

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | COLLIN COUNTY, TEXAS |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment, for the reasons set forth by Stonebriar, and based upon the entire record herein, including the pleadings, the evidence submitted by the parties, and the arguments of counsel, if any, it is:

ORDERED that Stonebriar's Renewed Traditional Motion for Summary Judgment is GRANTED in its entirety, and Insight Investment, LLC's ("Insight") Objections to Stonebriar's Renewed Traditional Motion for Summary Judgment are OVERRULED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement pursuant to the terms of the Repurchase Letter within seven business days of this Order.[1] Insight is FURTHER ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and all costs incurred in this litigation. If Stonebriar and Insight are unable to agree on the amount of reasonable fees and costs incurred, Stonebriar shall set a date for an evidentiary hearing before the Court to resolve the issue of fees and costs.

---

[1] Capitalized terms not otherwise defined in this order have the meaning given to them in Stonebriar's Renewed Traditional Motion for Summary Judgment.

Copy from re:SearchTX

All relief not expressly granted by this Order is DENIED.


SO ORDERED.

Dated:_____5/6/2024_____

Benjamin A. Smith
PRESIDING JUDGE

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 87338191
Filing Code Description: Order
Filing Description: (Proposed) Order Granting Plaintiff's Renewed Traditional Motion for Summary Judgment
Status as of 5/6/2024 4:15 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | DFrench@winston.com | 5/2/2024 11:53:29 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 5/2/2024 11:53:29 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 5/2/2024 11:53:29 PM | SENT |

Copy from re:SearchTX

# EXHIBIT B

Copy from re:SearchTX

Filed: 9/5/2024 5:23 PM
Michael Gould
District Clerk
Collin County, Texas
By Natika Dixon Deputy
Envelope ID: 91703149

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | COLLIN COUNTY, TEXAS |
| v. | § § § | |
| INSIGHT INVESTMENTS, LLC, | § § § | 380th JUDICIAL DISTRICT |
| Defendant. | § § | **JURY TRIAL DEMANDED** |

## ~~[PROPOSED]~~ FINAL JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), for the reasons set forth by Stonebriar, and based on the entire record herein, including the pleadings, arguments of counsel, if any, and evidence submitted by the parties—including the evidence submitted in connection with the August 6, 2024 hearing on attorneys' fees and costs—the Court GRANTS Stonebriar's Renewed MSJ in its entirety and renders judgment in favor of Stonebriar on Stonebriar's claims for breach of contract and attorneys' fees. Insight's Objections to Stonebriar's Renewed Traditional MSJ are OVERRULED, and Insight's Motion for Rehearing and New Trial is DENIED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement[1] pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment. Insight is further ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and costs in the amount of $ 291,341.00. In addition, Stonebriar is awarded conditional appellate attorneys' fees and costs in the amount of $160,800 for any appeal to the intermediate court of appeals. Stonebriar is further award conditional appellate attorneys' fees and costs in the amount of $183,630 for any appeal to the Supreme Court of Texas (consisting of $66,840 for the petition for review stage, and $116,790

---

[1] Capitalized terms not otherwise defined in this Final Judgment have the meaning given to them in Stonebriar's Renewed MSJ.

for the merits briefing stage, oral argument, and conclusion of the appeal).

This is a final, appealable judgment that disposes of all claims between the parties. All relief not expressed granted by this Final Judgment is DENIED.

9/16/2024
_____
DATE

*Benjamin A Smith*
_____
PRESIDING JUDGE

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of LeElle Slifer
Bar No. 24074549
rmarks@winston.com
Envelope ID: 91703149
Filing Code Description: Proposed Order
Filing Description: Final Judgment
Status as of 9/17/2024 8:41 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | DFrench@winston.com | 9/5/2024 5:23:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 9/5/2024 5:23:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/5/2024 5:23:30 PM | SENT |

Copy from re:SearchTX

# EXHIBIT C

Copy from re:SearchTX



RACHEL H. STINSON
STINSON@WRIGHTCLOSEBARGER.COM

Board Certified
Civil Appellate Law
Texas Board of Legal Specialization

**WCB Wright Close&Barger**

Trials and Appeals in Civil Cases

December 23, 2024

Mr. Michael Gould                    *Via Federal Express 7709 9290 7857*
Collin County District Clerk
Russell A. Steindam Courts Building
2100 Bloomdale Rd.
McKinney, TX 75071

      Re:    Cause No. 380-06242-2022; *Stonebriar Commercial Finance, LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County, Texas.

Dear Mr. Gould:

      Enclosed please find a Cash Deposit to be deposited in the court's registry in the above-referenced matter pursuant to Texas Rule of Appellate Procedure 24.

      Please direct a receipt to the below address, or via email to: stinson@wrightclosebarger.com.

      Thank you in advance for your assistance in this regard. Please do not hesitate to contact my office should you have any questions.

                                   Very truly yours,

                                   */s/ Rachel H. Stinson*
                                   Rachel H. Stinson

RHS/mjg

Enclosures
cc: All Counsel of Record

**WRIGHT CLOSE & BARGER, LLP**
ONE RIVERWAY, SUITE 2200, HOUSTON, TEXAS 77056 • TEL: 713.572.4321 • FAX: 713.572.4320

Copy from re:SearchTX

31083

Collin County District Clerk
12/23/2024 1536.0001 - Stonebriar V. Insight     12.23.24     500.00     500.00

12/23/2024     31083     Gross:     500.00   Ded:     0.00  Net:     500.00

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM.

31083
70-2189/719
3598

**WRIGHT CLOSE & BARGER, LLP**
ONE RIVERWAY, SUITE 2200
HOUSTON, TX 77056

PNC Bank, N.A. 071

CHECK ARMOR

12/23/2024     ****$500.00

*** FIVE HUNDRED & 00/100 DOLLARS    DATE     AMOUNT

PAY TO THE ORDER OF
Collin County District Clerk
2100 Bloomdale Road Suite 12132
McKinney TX 75071

VALID VAL
ID VALID VA
VALID VALI
ID VALID VA

AUTHORIZED SIGNATURE

⑈031083⑈ ⑆071921891⑆ 494313259 2⑈

**WRIGHT CLOSE & BARGER, LLP**                 31083

Rev 3/19
Copy from re:SearchTX

104651     10465

ORIGIN ID:HOUA     (713) 572-4321
TRACY STUBBLEFIELD
WRIGHT & CLOSE, LLP
ONE RIVERWAY, SUITE 2200

HOUSTON, TX 77056
UNITED STATES US

SHIP DATE: 23DEC24
ACTWGT: 0.50 LB
CAD: 1217104/INET4760

BILL SENDER

TO  **MICHAEL GOULD**
**COLLIN COUNTY DISTRICT CLERK**
**2100 BLOOMDALE RD**


**MCKINNEY TX 75071**
(972) 548-4320          REF: 1536.0001
INV:
PO:                              DEPT:





**FedEx**
Express

FedEx

**This envelope is only for FedEx Express® shi**
You can help us get your package safely to its

Do not ship liquids, blood, or clinical specimens in this packagin

FRI - 27 DEC 5:00P
**EXPRESS SAVER**

TRK# 0201   **7709 9290 7857**

Copy from re:SearchTX

# EXHIBIT D

Copy from re:SearchTX

| STONEBRIAR COMMERCIAL FINANCE LLC, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JEFFREY L. WILKISON IN SUPPORT OF PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT

1.      My name is Jeffrey L. Wilkison.  I am the Senior Vice President and Chief Risk Officer of Stonebriar Commercial Finance LLC.  As Senior Vice President and Chief Risk Officer, I am also responsible for the full range of managerial duties including staffing, underwriting, documentation, lien perfection, collection and recovery and compliance with policies and practices of both the organization and applicable regulatory agencies.  Further, I was directly involved in the transactions with Insight Investments, LLC ("Insight") described in Stonebriar's Original Petition, Stonebriar's Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), and Stonebriar's Motion to Set Supersedeas Amount. Indeed, I was in regular communication with Stonebriar employees regarding the communications with Insight and the transactions between the companies, I reviewed emails and letter correspondences between Insight and Stonebriar, I prepared communications to Insight—such as the Repurchase Demand attached as Exhibit E to Stonebriar's Renewed MSJ—and readily observed the interactions between the two companies as Senior Vice President and Chief Risk Officer.

Declaration of Jeffrey L. Wilkison – Page 1

Copy from re:SearchTX

2.	On April 11, 2022, Stonebriar entered into a Master Non-Recourse Agreement with Insight Investments, LLC ("Security Agreement"). Exhibit A attached to Stonebriar's Renewed MSJ is a true and correct copy of the Security Agreement.

3.	On July 27, 2022, Stonebriar and Insight executed a Specification pursuant to the Security Agreement ("Specification No. 1"). Exhibit B attached to Stonebriar's Renewed MSJ is a true and correct copy of Specification No. 1.

4.	Insight also executed a separate contract detailing the conditions under which Insight could be required to repurchase the Equipment Lease Agreement[1] detailed in Specification No. 1 ("Repurchase Letter"). Exhibit C attached to Stonebriar's Renewed MSJ is a true and correct copy of the Repurchase Letter. The Repurchase Letter acknowledges that Stonebriar will provide Insight with a loan (the "Loan") evidenced by a promissory note dated July 27, 2022 ("Promissory Note"), and it requires Insight either to deliver certain original documentation or to, at Stonebriar's option, indemnify Stonebriar by repurchasing the Equipment Lease Agreement at "the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees."

5.	As of today, December 31, 2024, the amount required to repurchase the Equipment Lease Agreement equals $5,903,679.08. This equals the amount included in the October 14, 2022 Repurchase Demand ($4,841,021.72), plus $1,062,657.36 in accumulated interest for the 808 days since then ($1,315.17 in accumulated interest for each day after October 14, 2022). This figure does not include the amount of attorney's fees Stonebriar has incurred attempting to enforce the Repurchase Letter through this litigation.

---

[1] Capitalized terms that I have not defined in this declaration have the meaning given to them in Stonebriar's Renewed MSJ.

Declaration of Jeffrey L. Wilkison – Page 2

Copy from re:SearchTX

6.      I regularly perform such calculations in my role as Senior Vice President and Chief Risk Officer.  And I have performed this same calculation previously as part of my involvement in the above-referenced transaction between Insight and Stonebriar, including as part of the above-referenced Repurchase Demand (attached as Exhibit E to Stonebriar's).

7.      My name is Jeffrey L. Wilkison, and I have personal knowledge of the facts, events, and documents referenced in this declaration.  My date of birth is August 15, 1960.  My business address is 5525 Granite Parkway, Suite 1800, Plano, Texas 75024.  And I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, in the State of Texas, on the 31th day of December, 2024.


/s/ Jeff Wilkison
Jeffrey L. Wilkison

Declaration of Jeffrey L. Wilkison – Page 3

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 95764844
Filing Code Description: Motion
Filing Description: Plaintiff's Motion to Set Supersedeas Amount
Status as of 1/2/2025 9:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/31/2024 6:11:11 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/31/2024 6:11:11 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/31/2024 6:11:11 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/31/2024 6:11:11 PM | SENT |
| Dylan French | | DFrench@winston.com | 12/31/2024 6:11:11 PM | SENT |

Copy from re:SearchTX

# Exhibit D
## Order Setting Supersedeas Amount

Filed: 1/13/2025 3:52 PM
Michael Gould
District Clerk
Collin County, Texas
By Elizabeth Anderson Deputy
Envelope ID: 96158421

Cause No. 380-06242-2022

| STONEBRIAR COMMERCIAL FINANCE LLC, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § | |
| | § | 380th JUDICIAL DISTRICT |
| v. | § | |
| | § | **Jury Trial Demanded** |
| INSIGHT INVESTMENTS, LLC, | § | |
| *Defendant*. | § | |

## INSIGHT INVESTMENTS, LLC'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT AND PROPOSED ORDER

Defendant Insight Investments, LLC ("Insight") hereby files these Objections and Response to Plaintiff's Motion to Set Supersedeas Amount and Proposed Order, and would respectfully show as follows:

### Summary

In a creative bit of wordplay, Stonebriar filed a breach of contract claim but asked for only "equitable relief." As it turned out, Stonebriar's definition of "equitable relief" meant having this Court order Insight to pay Stonebriar some undefined amount of money plus attorneys' fees and costs. Of course, Stonebriar has repeatedly assured this Court that it is *not* seeking "compensatory damages," just "equitable relief" and "specific performance." But, as revealed by Stonebriar's supersedeas motion and proposed order, Stonebriar's claim is one for traditional breach of contract *damages*, even though Stonebriar failed to plead for such damages, failed to prove its

Copy from re:SearchTX

entitlement to a particular amount of such damages, and failed to put any particular amount or formula for calculating such damages into the Final Judgment that it submitted and that this Court signed. Even without any evidence in the record, or any actual figure contained in or ascertainable from the Final Judgment, Stonebriar asks this Court to order that Insight post the full amount of an unstated damages award that Stonebriar never properly asked for, never proved up, and did not set out within the proposed "Final Judgment" signed by this Court. In support of that request, Stonebriar submitted a wholly conclusory and irrelevant affidavit, to which Insight's objections are set out in more detail below.

As if those evidentiary and procedural problems were not enough, the parties recently learned that this Court signed Stonebriar's proposed order on January 6, 2025 *without notice of submission and without an evidentiary hearing.*[1] Stonebriar requested a hearing for its motion, and Insight requested that the hearing be evidentiary to allow for full compliance with Texas Rule of Appellate Procedure 24.2 and Texas caselaw. Counsel for both Stonebriar and Insight learned of Stonebriar's proposed order being signed while they were still in joint e-mail communications with the Court about a February 2025 hearing date pursuant to Collin County Local Rule 3.1

---

[1]    *See* **Exhibit A**, Declaration of Owen Babcock and attachments thereto.

2

(requiring agreement, or at least good-faith efforts to secure agreement, before setting hearings). No party requested consideration of Stonebriar's motion by submission, the Court improperly failed to hold the required evidentiary hearing, and the Court further failed to give Insight sufficient notice of its consideration of Stonebriar's motion and a deadline by which to file an opposition, objections, and response. Insight was further deprived of its right to cross-examine Stonebriar's proffered witness, to object to hearsay, and to put on its own controverting evidence.

The deficiencies of the underlying "Final Judgment," including the lack of any particular amount or formula by which to calculate the amount of money Insight is supposed to pay Stonebriar to "repurchase" as ordered and Stonebriar's wholesale failure to properly plead for or prove up its requested "equitable relief," the $ 500 cash deposit already made by Insight is sufficient, and no additional amount should be required.

**Background Facts**

Stonebriar filed a breach of contract claim against Insight that specifically pleaded it was seeking only "equitable relief" and related attorneys' fees and costs. In support of that claim, Stonebriar filed a motion, and then a renewed motion, for summary judgment. Insight responded to those motions, made a host of objections to Stonebriar's proposed summary judgment evidence, and pointed out that Stonebriar was not legally entitled to "equitable

3

Copy from re:SearchTX

relief" and that Stonebriar was not entitled to summary judgment for a number of reasons, including but not limited to the fact that Stonebriar had failed to prove either materiality of the alleged breach or that the amount it sought as "equitable relief" (which was not specified in its pleadings, nor supported by competent evidence in the summary judgment record) was disputed. This Court overruled Insight's objections and granted Stonebriar's request for summary judgment, as well as for fees and costs, eventually signing Stonebriar's proposed "Final Judgment" exactly as Stonebriar had submitted it.

Insight filed a Motion to Reconsider, Set Aside, Reform, or Vacate the Judgment and Motion for New Trial, but those motions were overruled by operation of law. Accordingly, Insight filed its Notice of Appeal to the newly-created Fifteenth Court of Appeals. Out of an abundance of caution, Insight then further deposited $500 into the registry of this Court, and filed notice of that deposit on the docket of that case.[2]

---

[2] Such a cash deposit under Tex. R. App. P. 24.1 is effective to supersede a judgment, even if the amount is allegedly insufficient under some other rule or principle. *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex. App.—San Antonio Feb. 7, 2018, no pet.). It was at least sufficient to supersede collection on attorneys' fees, which do not need to be included in the supersedeas amount. *In re Nalle Plastics Family Limited Partnership*, 406 S.W.3d at 173 (where attorney's fees are not part of the plaintiff's claim for damages, attorney's fees may not be considered either compensatory damages or costs for purposes of suspending enforcement of a money judgment, and should not be included in the calculation of the supersedeas amount); *see also In re Corral-Lerma*, 451 S.W.3d 385, 386 (Tex. 2014) (same); *In Interest of K.K.W.*, No. 05-16-00795-CV, 2018 WL 1477533, at *4 (Tex. App.—Dallas Mar. 27, 2018, no pet.) (trial court prohibited from requiring supersedeas for conditional appellate fees under Tex. R. App. P. 24.2(a)(3)); *Halleman v.*

4

Copy from re:SearchTX

Even after being notified of the numerous deficiencies of its pleadings and the "Final Judgment," and even after Insight made its cash deposit and filed its Notice of Appeal, Stonebriar was still not satisfied. On December 31, 2024, Stonebriar filed a "Motion to Set Supersedeas Amount." Stonebriar's motion asked this Court to set the supersedeas amount for this case at $ 5,903,679.08 — a figure notably absent from the "Final Judgment" signed by this Court. Stonebriar's motion was accompanied by an affidavit from Jeffrey L. Wilkinson, which states, in relevant part, only Wilkinson's own bare conclusion that "[a]s of today, December 3, 2024, the amount required to repurchase the Equipment Lease Agreement equals $5,903,679.08." Wilkinson arrives at that conclusion by adding the "amount included in the October 14, 2022 Repurchase Demand ($4,841,021.72), plus $1,062,657.36 in accumulated interest for the 808 days since then ($1,315.17 in accumulated interest for each day after October 14, 2022)." Again, neither of these figures, nor any related formula by which to calculate those sums or the total amount allegedly owed, are provided in the "Final Judgment" proposed by Stonebriar and signed by this Court.

---

*Halleman*, No. 02-11-00238-CV, 2011 WL 5247882, * 5 (Tex. App.—Fort Worth Nov. 3, 2011, orig. proceeding) (mem. op.) (conditionally granting writ for trial court to vacate order requiring judgment debtor to deposit amount of conditional appellate fees awarded into the registry of the court as security for the appeal).

5

Copy from re:SearchTX

The parties recently learned that this Court has signed Stonebriar's proposed order on January 6, 2025, while they were still in joint e-mail communications with the Court about a hearing date pursuant to Collin County Local Rule 3.1 (requiring agreement, or at least good-faith efforts to secure agreement, before setting hearings).

## Legal Standards

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009); *Crowder v. Sanger*, No. 03-21-00291-CV, 2022 WL 2291213, at *2 (Tex. App.—Austin June 24, 2022, op. on motion) (per curiam) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code § 52.006; Tex. R. App. P. 24. The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *See, e.g., Smith v. Texas Farmers Ins.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

The amount of security required to supersede a judgment pending appeal depends on the type of judgment at issue. Tex. R. App. P. 24.2 (a)(1)-(3). When the judgment is for something *other* than money or an interest in property, as this one is, the trial court must set the amount and type of security that the judgment debtor must post, and such must adequately protect the judgment creditor against loss or damage that the appeal might cause. Tex. R. App. P.

6

Copy from re:SearchTX

24.2(a)(3). This is the subsection that Stonebriar asks this Court to proceed under here. But both the evidence Stonebriar submitted, and the procedure employed by this Court to arrive at a decision in favor of Stonebriar's motion are entirely defective.

"[Rule 24.2(a)(3)] requires calculating the 'loss or damage' that the judgment creditor ... faces during the appeal, not the avoided losses or other benefit that might accrue to the judgment debtor if the judgment is superseded." *Haedge v. Cent. Tex. Cattleman's Ass'n*, 603 S.W.3d 824, 827 (Tex. 2020) (per curiam); *see, e.g., Ryan v. Fender*, No. 12-21-00242-CV, 2022 WL 2062475, at *4 (Tex. App.—Tyler June 8, 2022, no pet.) (upholding $60K supersedeas amount where defendant failed to comply with court order to remove entire carport from plaintiff's property, and trial court had considered plaintiff's age, lack of cash on hand, inability to live elsewhere while waiting for appeal to conclude, and that pending appeal made her property unmarketable). Thus, it was Stonebriar's burden to present competent evidence "to quantify 'the loss or damage that the appeal [as opposed to the failure to pay the underlying judgment itself] might cause.'" *Pedernales Elec. Coop., Inc. v. White*, No. 03-21-00034-CV, 2021 WL 401982, at *3 (Tex. App.—Austin Feb. 4, 2021, no pet.) (emphasis in original). Even if Stonebriar has correctly characterized this case as one for "equitable relief" (and Insight does not concede that point), a nominal amount has been held appropriate where

7

Copy from re:SearchTX

the plaintiff failed to show how it will be harmed by the pendency of an appeal. *Qatar Found. for Educ., Sci. & Cmty. Dev. v. Paxton*, No. 03-20-00129-CV, 2020 WL 6269267, at \*4 (Tex. App.—Austin Oct. 22, 2020, no pet.). Further, in such cases, the "status quo" to be protected by supersedeas is the status quo before the trial court issued final relief —*i.e.*, before the trial court granted Stonebriar's motion for summary judgment. *Id*. Until a court of last resort affirms Stonebriar's right to demand this kind of "specific performance" based on the scant evidence in the summary judgment record and despite the lack of any specific amount or formula within the Final Judgment, the "status quo" is the absence of an obligation by Insight to pay Stonebriar the sums demanded.

Finally, no matter what kind of judgment is at issue, the trial court must set the supersedeas amount at a sum that "will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by [TRAP24.2(a)] is likely to cause the judgment debtor substantial economic harm." Tex. R. App. P. 24.2(b); *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 918 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## Argument

As noted above, Stonebriar took great pains to tell this Court that it was not suing Insight for "recovery of money"—indeed, Stonebriar particularly pleaded that it sought only "equitable relief and attorney's fees" (albeit in

8

Copy from re:SearchTX

unstated amounts). *See* Pltf Orig. Petition, pg. 1-2; *see id.* at pg. 5 ("Stonebriar now brings this action for breach of contract to enforce its rights under the Repurchase Letter."); *see id.* at pg. 6. ("Stonebriar seeks the equitable remedy of specific performance. Specifically, Stonebriar requests an order from this Court requiring Insight to repurchase the Equipment Lease Agreement for the principal outstanding of the Promissory Note, plus accrued interest as stated in the Promissory Note."). But Stonebriar's Motion to Set Supersedeas Bond essentially proceeds as if it *had* sued for and recovered a money judgment, asking to set the supersedeas amount at the same amount that Stonebriar now claims (without sufficient evidentiary support or notice) is "due and owing" as of December 30, 2024—"$ 5,903,679.08."

This figure is nowhere to be found in the Final Judgment. Nor did the Final Judgment recite any formula by which that amount can be calculated. Nor does any other document in the summary judgment record. Nonetheless, Stonebriar's motion tells the Court that the Final Judgment orders Insight to tender a "specific amount to Stonebriar." Stonebriar motion at pg. 7. This is demonstrably untrue—indeed, the lack of specificity (or even a formula) is one of the points Insight made in its arguments to this Court and in its Motion for New Trial/Motion for Reconsideration.

There is no actual amount pleaded for, nor contained within, Stonebriar's Petition or in the Final Judgment. It appears that Stonebriar

9

Copy from re:SearchTX

decided, at the outset of this case, to side-step its legal obligation to prove up breach of contract damages and simply insist on "repurchase" as purported "equitable relief" so as to avoid having to walking this Court through the evidence that entitles it to that relief in a breach of contract claim. Stonebriar apparently believes it has a "golden ticket" that will allow it to sue for breach of contract, demand whatever sum it wants, and avoid having to prove damages or deal with Insight's defenses and affirmative defenses. This is simply not justified under either Texas or New York law.

Insight does not concede that the "Final Judgment" is proper, nor does it concede that it should be required to post any amount of supersedeas whatsoever. At the bare minimum, however, Stonebriar has argued that the Court should proceed under Tex. R. App. P. 24.2(a)(3), and, under that rubric, Stonebriar has the burden of quantifying the "harm" it will suffer because of Insight's pending appeal. As caselaw makes clear, this "harm" is not the mere delay of having to wait for Insight to pay it that amount plus the amount that Stonebriar insists (incorrectly) is accruing daily interest of "$1,315.17", especially when Stonebriar is receiving monthly payments that continue to reduce the amount owed under the relevant agreements and which are not accounted for in its present motion.[3]

---

[3] *See* Insight's Response to Plaintiff's Renewed Motion for Summary Judgment at ¶ 16 and Exhibit A thereto, incorporated herein as if set forth in full.

10

Copy from re:SearchTX

The Texas Supreme Court's opinion in *Haedge v. Cent. Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 825–28 (Tex. 2020) is helpful here. In that case, plaintiffs alleged they were wrongfully divested of membership in an organization that gave them access to valuable grazing land. Plaintiffs sued for a TRO, declaratory relief, and breach of contract, seeking to (among other things) retain their right to graze their cattle at that location. After the trial court entered judgment for the defendants, plaintiffs sought to suspend enforcement and preserve the status quo. The trial court held an evidentiary hearing, at which plaintiffs provided evidence that it would cost at least $66,200 to find alternative grazing sites. The trial court ordered the supersedeas amount to be set at $2,500. The Amarillo Court of Appeals later increased it to $132,400—approximately two years of the estimated grazing fees plaintiffs argued they would otherwise incur. Ultimately, the Supreme Court held that this was not a proper supersedeas amount because it was based on the financial costs and harm the *plaintiffs* (*i.e.*, the appellants) would suffer if the judgment *against them* was enforced.

The Supreme Court explained that, in the context of Rule 24.2(a)(3), supersedeas "must adequately protect the judgment *creditor* against loss or damage that the appeal might cause." *Id.* (emphasis added). The Court further explained that "'[l]oss or damage' in the supersedeas context refers to 'monetary or material losses ascertainable by proof, either by the judgment

11

itself, or, where that is not conclusive, by evidence relating to proof of damages generally.'" *Id.* So Stonebriar was required to come forward with evidence to show the amount of "monetary or material losses ascertainable by proof" that it will suffer (if any) by virtue of Insight staying execution on the Final Judgment during the pending appeal. This is not the same as asking what benefits accrue to Insight by staying execution, nor is it the same as asking what harm Insight avoids. And Stonebriar makes no effort to answer *any* of these questions.

**Objections to Wilkinson's Conclusory Affidavit**

In addition to the foregoing, Insight objects to the conclusory and insufficient affidavit Stonebriar attached to its motion. The affidavit of Jeffrey L. Wilkison is wholly irrelevant, conclusory, and inadmissible under the Texas Rules of Evidence. It is hearsay in its entirety, and it should be disregarded entirely.

Paragraph 1 of Wilkison's affidavit sets out his job title—Senior Vice President and Chief Risk Officer of Stonebriar Commercial Finance LLC—and further states that he is "responsible for the full range of managerial duties" at Stonebriar. In the same paragraph, he says that he was "directly involved in the transactions with [Insight]" and "in regular communications with Stonebriar employees regarding the communications and transactions between the companies" as well as "observ[ing] the interactions between the

12

Copy from re:SearchTX

two companies . . . ." None of those statements show that Wilkison is competent to opine on the only relevant issue at hand—the amount of "monetary or material losses ascertainable by proof" that Stonebriar will suffer (if any) by Insight staying execution on the Final Judgment during the pending appeal. This paragraph is wholly irrelevant and insufficient to carry Stonebriar's burden here. Tex. R. Evid. 401-403, 602, 701, 702, 801-803.

Paragraphs 2, 3, and 4 attempt to "prove up" documents Stonebriar claims are "true and correct cop[ies]" of relevant documents, but Wilkison's affidavit is not a business records affidavit that says such documents are kept within the regular course of business for Stonebriar, made at or near the time by someone with knowledge, or that he is the custodian of records for Stonebriar. Tex. R. Evid. 801, 802, 803(6). Thus, these statements are irrelevant hearsay and cannot carry Stonebriar's burden here, either. Tex. R. Evid. 401-403.

Paragraph 4 further contains improper and unsupported legal assertions that Wilkison has not shown himself qualified to form an opinion on, including the assertions of the legal effect of the "Repurchase Letter." Insight objects to the improper and incorrect characterization of the "Repurchase Letter" because (1) Stonebriar has alleged the document is unambiguous, and therefore extrinsic evidence is not relevant to its meaning or effect; (2) Wilkison does not claim to be an attorney or any kind of specialized expert qualified to

13

Copy from re:SearchTX

opine on the legal effect of that document; and (3) the document speaks for itself, and the meaning of the document is a question of law reserved for the courts. *E.g., Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.,* 590 S.W.3d 471, 479 (Tex. 2019) (parol evidence rule, which "applies to writings that evidence the creation, modification, termination, or securing of a right or obligation under the contract," bars consideration of evidence that contradicts, varies, or adds to the terms of an unambiguous written agreement). Thus, Insight objects to this paragraph under Texas Rules of Evidence 401-403, 602, 701, 702, and 801-803.

Paragraph 5 merely recites Wilkison's conclusory opinion that the amount of "$ 5,903,679.08" is "the amount required to repurchase the Equipment Lease Agreement" as of December 30, 2024, and he states that he arrived at that sum by taking the $4,841,021.72 Stonebriar claimed was due on October 14, 2022 and adding daily interest in the amount of $1,315.17. Such conclusory statements are no evidence at all, and are wholly insufficient to support Stonebriar's claims here. Wilkison is not a lawyer, nor an expert, and these statements are nothing more than Stonebriar's conclusory (and incorrect) assertions about the amounts owed without the requisite factual support in the record to prove them up. Further, these statements are an improper attempt to invade the sole province of the courts by dressing up the unfounded assertions of a lay witness as if they were the legal conclusions that

14

Copy from re:SearchTX

should properly be made by the courts. Accordingly, Insight objects to this paragraph under Texas Rules of Evidence 401-403, 602, 701, 702, and 801-803.

Paragraph 6 does not solve the problem, since Wilkison merely recites there that he "regularly performs such calculations" and that he has "performed this same calculation previously . . ." Again, Wilkison is not competent—as either a lay witness or a purported expert (which he is not properly designated as, anyway)— to form opinions as to the legal issue at hand. The meaning of the contracts at issue is a question of law to be answered by the courts, and Wilkison's statements are therefore wholly irrelevant, conclusory, and inadmissible. Texas Rules of Evidence 401-403, 602, 701, 702, and 801-803.

Finally, Paragraph 7—Wilkison's statement that he has "personal knowledge of the facts, events, and documents referenced in this declaration" and his recitation of his date of birth, home address, and work address, are all irrelevant as well. Texas Rules of Evidence 401-403.

This is not a suit on a sworn account, no matter how much Stonebriar wishes to treat it like one. Each and every amount alleged is contested, as are many of the most critical elements of Stonebriar's underlying breach of contract claim, and none of these elements or amounts are supported by competent evidence in record.

15

Copy from re:SearchTX

There is no provision for such conclusory affidavits to become sufficient evidence to carry Stonebriar's burden. In fact, there is no provision for affidavits to be used at this juncture *at all*. While the Rules permit affidavits to be filed with respect to net worth under Tex. R. App. P. 24.2(a)(1) and (e), even those affidavits must be disregarded entirely if they are not sufficiently complete and reliable. *Moss v. Holzworth*, No. 14-24-00266-CV, 2024 WL 5116975, at *4 (Tex. App.—Houston [14th Dist.] Dec. 10, 2024, no pet. h.). And once the judgment creditor disputes the asserted net worth, then there is an evidentiary hearing at which witnesses must testify. *See Hunter Buildings & Mfg., L.P. v. MBI Glob., L.L.C.*, 514 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2013, no pet.)(noting cross-examination of witnesses). There is no corresponding rule permitting affidavits in lieu of live testimony with respect to the matters at issue in Tex. R. App. P. 24.2(a)(3). Thus, affidavits such as Wilkison's are nothing but rank hearsay and wholly insufficient to carry Stonebriar's burden here.

For all of these reasons, Insight objects to Wilkinson's affidavit and the above-listed statements therein, and requests this Court disregard it entirely.

## Objection to Lack of Notice

Stonebriar's proposed order on supersedeas was signed without notice to the parties, and without the benefit of any response, objections, or evidence from Insight. Further, because no evidentiary hearing was held, Insight has

16

Copy from re:SearchTX

lost the ability to seek findings of fact and conclusions of law, and it does not waive its right to do so. "[A] lack of notice violates basic principles of due process." *Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019) (per curiam). "The due process requirement of notice must be provided 'at a meaningful time and in a meaningful manner.'" *In re K.M.L.*, 443 S.W.3d 101, 119–20 (Tex. 2014) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

## Conclusion

Insight requests that its Objections be sustained, the affidavit of Jeffrey Wilkison be struck, and that Stonebriar's motion be denied. This Court should sustain Insight's objections and withdraw the order it signed on January 6, 2025. Insight further prays for such further relief as to which it may show itself entitled.

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

*and*

17

Copy from re:SearchTX

Mark W. Stout
State Bar I.D. #24008096
Owen C. Babcock
State Bar I.D. #24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
817-338-1616 —Telephone
817-338-1610 —Facsimile
mstout@padfieldstout.com
obabcock@padfieldstout.com

*Attorneys for Defendant Insight Investments, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing was served upon all counsel of record in accordance with the requirements set forth in the Texas Rules of Civil Procedure and e-filed with the undersigned's e-filing provider.

*/s/ Rachel H. Stinson*
Rachel H. Stinson

18

Copy from re:SearchTX

# EXHIBIT A

Copy from re:SearchTX

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § § | |
| v. | § § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, *Defendant.* | § § | **Jury Trial Demanded** |

## Declaration of Owen C. Babcock

1. My name is Owen C. Babcock, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas.

2. By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. A true and correct copy of such correspondence is attached to this Declaration as **Attachment 1.**

3. Stonebriar's "Motion to Set Supersedeas Amount" was e-filed and simultaneously served upon counsel for Insight on December 31, 2024 at 6:11 pm. Stonebriar's proposed order in support of that motion was e-filed and served upon Insight's counsel two minutes later.

4. On Sunday, January 5, 2024, at 9:31 pm, Stonebriar's counsel e-mailed court staff for the 380th Judicial District Court to request a hearing on Stonebriar's motion. Counsel for Insight was copied on

Copy from re:SearchTX

that email.

5.      On Monday, January 6, 2025, the Court responded at 9:50 am to ask how much time Stonebriar needed for the hearing. Stonebriar's counsel responded at 9:51 am by asking for "30 minutes." The Court responded at 10:07 am, "I have January 27th, January 29th and February 3rd available at 9:00 a.m." Insight's counsel informed the Court and Stonebriar's counsel at 10:18 am that, "[s]ince the hearing will need to be an evidentiary hearing, we might need more like an hour." Counsel for Stonebriar agreed at 10:22 am that "[a]n hour is fine[.]" At 11:00 am, counsel for Stonebriar emailed the Court and counsel for Insight: "We'll do February 3 for 1 hour, thank you."

6.      Despite agreeing to have its motion set for hearing on February 3rd at 9:00 am, Stonebriar did not send out notice for such a setting. Instead, at 6:31 pm on Monday, January 6, 2025, counsel for Stonebriar e-mailed the Court and counsel for Insight to state: "Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?"

7.      Counsel for Stonebriar again e-mailed the Court at 10:19 pm on Tuesday, January 7, 2025, to ask whether Stonebriar's motion could be heard "the week of February 10."

8.      The Court responded to all counsel on Wednesday, January 8, 2025 at 9:47 am: "It looks like the order was signed on January 6th." Stonebriar's counsel responded three minutes later, "Thank you, could you please send us a copy? We did not receive a notification and I cannot pull it off the docket." Counsel for Insight did not receive any notification that the order had been signed, either. Then, at 10:28 am, counsel for Stonebriar circulated a .pdf of the signed order, saying "we were able to obtain it a different way."

9.      The .pdf that Stonebriar circulated, and the version of the order that appears on this Court's electronic docket, does appear to show that Stonebriar's proposed order was electronically signed without alteration by the Court on January 6, 2025—the same day that Stonebriar had agreed to set the motion for an evidentiary hearing on February 3, 2025.

Copy from re:SearchTX

10. I am an employee of Padfield & Stout, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has seven (7) pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within **Attachment 1** are records that were made at or near the time of each act, event, opinion, or statement set forth therein. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer Padfield & Stout, LLP keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

11. My date of birth is August 25, 1992. My business address is 100 Throckmorton Street, Suite 700, Fort Worth, Texas 76102.

12. I declare under penalty of perjury that the foregoing is true and correct. See TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed: January 10, 2025

_____
Owen C. Babcock

Copy from re:SearchTX

| | |
|---|---|
| **From:** | Slifer, LeElle B. |
| **To:** | Amy Cabala; French, Dylan; "Stinson, Rachel"; Wright, Tom |
| **Cc:** | Owen Babcock; Mark W. Stout |
| **Subject:** | RE: [External] No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| **Date:** | Wednesday, January 8, 2025 10:29:02 AM |
| **Attachments:** | image005.png |
| | Insight - Proposed Order Setting Supersedeas Amount (1).pdf |

Never mind, we were able to obtain it a different way. We've attached it here for opposing counsel. Thank you!

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Slifer, LeElle B.

**Sent:** Wednesday, January 8, 2025 9:51 AM

**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Thank you, could you please send a copy? We did not receive a notification and I cannot pull it off the docket.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>

**Sent:** Wednesday, January 8, 2025 9:47 AM

**To:** French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

Copy from re:SearchTX

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

It looks like the order was signed on January 6th.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Tuesday, January 7, 2025 10:19 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** WARNING: External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We are just following up on the below email.  Please let us know if the Court has any availability the week of February 10.

Thank you.

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** French, Dylan
**Sent:** Monday, January 6, 2025 6:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Ms. Cabala,

Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?

Thanks,

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:35 AM
**To:** 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Yes.

Copy from re:SearchTX

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Stinson, Rachel <stinson@wrightclosebarger.com>

**Sent:** Monday, January 6, 2025 10:30 AM

**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms Cabala:

Does the Feb 3rd date work for an hour time slot instead of 30 mins?

Rachel Stinson
Partner, Appeals
Cell: 713-935-0571

**From:** Slifer, LeElle B. <LSlifer@winston.com>

**Sent:** Monday, January 6, 2025 10:22:17 AM

Copy from re:SearchTX

**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com <obabcock@padfieldstout.com>; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

An hour is fine

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:18 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Since the hearing will need to be an evidentiary hearing, we might need more like an hour.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

30 minutes.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*
*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

## Warning
Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM

Copy from re:SearchTX

**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

**\*\*\*\*\* WARNING:** External Email. Do not click links or open attachments that are unsafe. **\*\*\*\*\***

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan


**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mandy Gonzales on behalf of Rachel Hope Stinson
Bar No. 24037347
gonzales@wrightclosebarger.com
Envelope ID: 96158421
Filing Code Description: Objection
Filing Description: Insight Investments, LLC's Objections and Response to Plaintiff's Motion to Set Supersedeas Amount and Proposed Order
Status as of 1/14/2025 4:03 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 1/13/2025 3:52:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 1/13/2025 3:52:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 1/13/2025 3:52:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 1/13/2025 3:52:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 1/13/2025 3:52:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 1/13/2025 3:52:30 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 1/13/2025 3:52:30 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 1/13/2025 3:52:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 1/13/2025 3:52:30 PM | SENT |

Copy from re:SearchTX

# Exhibit E
## E-mails from Stonebriar's Counsel

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § § | |
| v. | § § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, *Defendant.* | § § | **Jury Trial Demanded** |

## Declaration of Rachel H. Stinson

1. My name is Rachel H. Stinson, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance, LLC v. Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas and Case No. 15-24-00133-CV, *Insight Investments, LLC v. Stonebriar Commercial Finance, LLC* in the Fifteenth Court of Appeals in Austin, Texas.

2. By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. The document attached as Attachment 1 to this Declaration is a true and correct copy of one such string of correspondence.

3. I am an employee of Wright Close & Barger, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has five pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within Attachment 1 are records that were made at or near the time of each act, event, opinion, or statement set forth therein. The

records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

4.      My date of birth is August 11, 1975. My business address is One Riverway, Suite 2200, Houston, Texas 77056.

5.      I declare under penalty of perjury that the foregoing is true and correct. *See* TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed:  January 16, 2025

_____
Rachel H. Stinson

| | |
|---|---|
| **From:** | Slifer, LeElle B. |
| **To:** | Wright, Tom; Stinson, Rachel |
| **Cc:** | French, Dylan |
| **Subject:** | FW: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| **Date:** | Monday, January 6, 2025 10:46:46 AM |
| **Attachments:** | image003.png |

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

Tom and Rachel, it is your call. January 22 and we don't start collecting or February 3 and we start collecting.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:34 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

I have January 22nd available.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about

**Attachment 1 to Stinson Declaration**

any pending or potential lawsuit! Doing so may result in serious consequences.

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 10:31 AM
**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>
**Cc:** French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

We need it as soon as possible, otherwise we will begin collection efforts because of the improper bond amount.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:30 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; Slifer, LeElle B. <LSlifer@winston.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

I have two cases set for trial Jan 27, as does Rachel, so Feb 3 would be best. Thanks.

Tom Wright

On Jan 6, 2025, at 10:07 AM, Amy Cabala <acabala@co.collin.tx.us> wrote:

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

I have January 27th, January 29th and February 3rd available at 9:00 a.m.

Thank you,

*Amy A. Cabala*
*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

**WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

30 minutes.

**LeElle B. Slifer**
**Partner**
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
D: +1 214-453-6431
M: +1 817-371-9978
VCard | winston.com
<image001.jpg>

**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*

*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan

**Dylan French**
**Associate Attorney**
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com
<image002.jpg>

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

| STONEBRIAR COMMERCIAL FINANCE LLC, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| | § | COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 380th JUDICIAL DISTRICT |
| | § | |
| INSIGHT INVESTMENTS, LLC, | § | **Jury Trial Demanded** |
| *Defendant.* | | |

## Declaration of Owen C. Babcock

1.   My name is Owen C. Babcock, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas.

2.   By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. A true and correct copy of such correspondence is attached to this Declaration as **Attachment 1.**

3.   Stonebriar's "Motion to Set Supersedeas Amount" was e-filed and simultaneously served upon counsel for Insight on December 31, 2024 at 6:11 pm.  Stonebriar's proposed order in support of that motion was e-filed and served upon Insight's counsel two minutes later.

4.   On Sunday, January 5, 2024, at 9:31 pm, Stonebriar's counsel e-mailed court staff for the 380th Judicial District Court to request a hearing on Stonebriar's motion. Counsel for Insight was copied on

that email.

5.  On Monday, January 6, 2025, the Court responded at 9:50 am to ask how much time Stonebriar needed for the hearing. Stonebriar's counsel responded at 9:51 am by asking for "30 minutes." The Court responded at 10:07 am, "I have January 27th, January 29th and February 3rd available at 9:00 a.m." Insight's counsel informed the Court and Stonebriar's counsel at 10:18 am that, "[s]ince the hearing will need to be an evidentiary hearing, we might need more like an hour." Counsel for Stonebriar agreed at 10:22 am that "[a]n hour is fine[.]" At 11:00 am, counsel for Stonebriar emailed the Court and counsel for Insight: "We'll do February 3 for 1 hour, thank you."

6.  Despite agreeing to have its motion set for hearing on February 3rd at 9:00 am, Stonebriar did not send out notice for such a setting. Instead, at 6:31 pm on Monday, January 6, 2025, counsel for Stonebriar e-mailed the Court and counsel for Insight to state: "Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?"

7.  Counsel for Stonebriar again e-mailed the Court at 10:19 pm on Tuesday, January 7, 2025, to ask whether Stonebriar's motion could be heard "the week of February 10."

8.  The Court responded to all counsel on Wednesday, January 8, 2025 at 9:47 am: "It looks like the order was signed on January 6th." Stonebriar's counsel responded three minutes later, "Thank you, could you please send us a copy? We did not receive a notification and I cannot pull it off the docket." Counsel for Insight did not receive any notification that the order had been signed, either. Then, at 10:28 am, counsel for Stonebriar circulated a .pdf of the signed order, saying "we were able to obtain it a different way."

9.  The .pdf that Stonebriar circulated, and the version of the order that appears on this Court's electronic docket, does appear to show that Stonebriar's proposed order was electronically signed without alteration by the Court on January 6, 2025—the same day that Stonebriar had agreed to set the motion for an evidentiary hearing on February 3, 2025.

10. I am an employee of Padfield & Stout, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has seven (7) pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within **Attachment 1** are records that were made at or near the time of each act, event, opinion, or statement set forth therein. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer Padfield & Stout, LLP keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

11. My date of birth is August 25, 1992. My business address is 100 Throckmorton Street, Suite 700, Fort Worth, Texas 76102.

12. I declare under penalty of perjury that the foregoing is true and correct. See TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed: January 10, 2025

_____
Owen C. Babcock

| From: | Slifer, LeElle B. |
|---|---|
| To: | Amy Cabala; French, Dylan; "Stinson, Rachel"; Wright, Tom |
| Cc: | Owen Babcock; Mark W. Stout |
| Subject: | RE: [External] No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| Date: | Wednesday, January 8, 2025 10:29:02 AM |
| Attachments: | image005.png |
| | Insight - Proposed Order Setting Supersedeas Amount (1).pdf |

Never mind, we were able to obtain it a different way.  We've attached it here for opposing counsel.  Thank you!

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Slifer, LeElle B.

**Sent:** Wednesday, January 8, 2025 9:51 AM

**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Thank you, could you please send a copy?  We did not receive a notification and I cannot pull it off the docket.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>

**Sent:** Wednesday, January 8, 2025 9:47 AM

**To:** French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

Attachment 1 to Babcock Declaration

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

It looks like the order was signed on January 6th.

Thank you,

*Amy A. Cabala*

*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

## Warning
Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Tuesday, January 7, 2025 10:19 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We are just following up on the below email.  Please let us know if the Court has any availability the week of February 10.

Thank you.

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** French, Dylan
**Sent:** Monday, January 6, 2025 6:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Ms. Cabala,

Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?

Thanks,

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:35 AM
**To:** 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Yes.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

NOTE: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Stinson, Rachel <stinson@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:30 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms Cabala:

Does the Feb 3rd date work for an hour time slot instead of 30 mins?

Rachel Stinson
Partner, Appeals
Cell: 713-935-0571

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 10:22:17 AM

**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com <obabcock@padfieldstout.com>; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

An hour is fine

**LeElle B. Slifer**
**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:18 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Since the hearing will need to be an evidentiary hearing, we might need more like an hour.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

30 minutes.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM

**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan

**Dylan French**
**Associate Attorney**
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

# Exhibit A
## Final Judgment (1CR1021)

Filed: 9/5/2024 5:23 PM
Michael Gould
District Clerk
Collin County, Texas
By Natika Dixon Deputy
Envelope ID: 91703149

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § § | |
| Defendant. | § § | **JURY TRIAL DEMANDED** |

## [PROPOSED] FINAL JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), for the reasons set forth by Stonebriar, and based on the entire record herein, including the pleadings, arguments of counsel, if any, and evidence submitted by the parties—including the evidence submitted in connection with the August 6, 2024 hearing on attorneys' fees and costs—the Court GRANTS Stonebriar's Renewed MSJ in its entirety and renders judgment in favor of Stonebriar on Stonebriar's claims for breach of contract and attorneys' fees. Insight's Objections to Stonebriar's Renewed Traditional MSJ are OVERRULED, and Insight's Motion for Rehearing and New Trial is DENIED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement[1] pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment. Insight is further ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and costs in the amount of $ 291,341.00. In addition, Stonebriar is awarded conditional appellate attorneys' fees and costs in the amount of $160,800 for any appeal to the intermediate court of appeals. Stonebriar is further award conditional appellate attorneys' fees and costs in the amount of $183,630 for any appeal to the Supreme Court of Texas (consisting of $66,840 for the petition for review stage, and $116,790

---

[1] Capitalized terms not otherwise defined in this Final Judgment have the meaning given to them in Stonebriar's Renewed MSJ.

**1021**

for the merits briefing stage, oral argument, and conclusion of the appeal).

This is a final, appealable judgment that disposes of all claims between the parties. All relief not expressed granted by this Final Judgment is DENIED.

9/16/2024
_____
DATE

Benjamin A. Smith
_____
PRESIDING JUDGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of LeElle Slifer
Bar No. 24074549
rmarks@winston.com
Envelope ID: 91703149
Filing Code Description: Proposed Order
Filing Description: Final Judgment
Status as of 9/17/2024 8:41 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | DFrench@winston.com | 9/5/2024 5:23:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 9/5/2024 5:23:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/5/2024 5:23:30 PM | SENT |

# Exhibit B
## Notice of Cash Deposit

Filed: 12/30/2024 9:54 AM
Michael Gould
District Clerk
Collin County, Texas
By Alma Borboa Deputy
Envelope ID: 95704262

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | COLLIN COUNTY, TEXAS |
| | § § | 380th JUDICIAL DISTRICT |
| v. | § § § | |
| | § | **Jury Trial Demanded** |
| INSIGHT INVESTMENTS, LLC, *Defendant.* | § § | |

## INSIGHT INVESTMENTS, LLC'S NOTICE OF CASH DEPOSIT

Pursuant to Texas Rules of Appellate Procedure 24.1 and 24.2, Defendant Insight Investments, LLC ("Insight") hereby files this Notice of Cash Deposit, and would show as follows:

1. Defendant has deposited **$500.00** into the registry of this Court to supersede the Final Judgment entered against it.

2. On September 16, 2024, the trial court signed a "Final Judgment" in favor of Plaintiff and against Defendant Insight. Defendant intends to appeal this "Final Judgment" to the intermediate court of appeals, and if necessary, to the Texas Supreme Court. Defendant seeks to supersede execution of the "Final Judgment" pending final determination of all appeals. Defendant also seeks to suspend any collection efforts pending issuance of a final mandate from the appellate courts. *See* TEX. R. APP. P. P. 24.1, 24.2.

Copy from re:SearchTX

3.     The "Final Judgment" at issue does not specify an amount of compensatory damages, nor does it direct a particular amount of money to be paid by Defendant to Plaintiff. Nonetheless, out of an abundance of caution, Defendant makes this cash deposit to supersede enforcement, and such deposit is effective upon receipt by the district clerk. *See* TEX. R. APP. P. 24.1, 24.2.

4.     At the very least, the cash deposit is sufficient to supersede enforcement of the attorneys' fee award in the judgment. Attorneys' fees are not included in the amount required to supersede enforcement of a judgment. "Because attorney's fees are neither compensatory damages nor costs for purposes of suspending enforcement of a money judgment, we conditionally grant the writ and direct the trial court to vacate its order and refund any monies overpaid by Nalle." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 176 (Tex. 2013).

Respectfully submitted,

*/s/ Rachel H. Stinson*
Thomas C. Wright
State Bar No. 22059400
Rachel H. Stinson
State Bar No. 24037347
**WRIGHT CLOSE & BARGER, LLP**
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321 (Phone)
(713) 572-4320 (Facsimile)
wright@wrightclosebarger.com
stinson@wrightclosebarger.com

2

Copy from re:SearchTX

*and*

Mark W. Stout
State Bar No. 24008096
Owen C. Babcock
State Bar No. 24104585
**PADFIELD & STOUT, L.L.P.**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
817-338-1616 (Phone)
817-338-1610 (Facsimile)
mstout@padfieldstout.com
obabcock@padfieldstout.com

*Attorneys for Defendant Insight
Investments, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024, a true and correct copy of the foregoing was served upon all counsel of record in accordance with the requirements set forth in the Texas Rules of Civil Procedure and e-filed with the undersigned's e-filing provider.

*/s/ Rachel H. Stinson*
Rachel H. Stinson

3

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mandy Gonzales on behalf of Rachel Hope Stinson
Bar No. 24037347
gonzales@wrightclosebarger.com
Envelope ID: 95704262
Filing Code Description: Bond
Filing Description: Notice of Cash Deposit
Status as of 12/30/2024 10:58 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 12/30/2024 9:54:35 AM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/30/2024 9:54:35 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/30/2024 9:54:35 AM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/30/2024 9:54:35 AM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/30/2024 9:54:35 AM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/30/2024 9:54:35 AM | SENT |

Copy from re:SearchTX

# Exhibit C
## Motion to Set Supersedeas Amount

Filed: 12/31/2024 6:11 PM
Michael Gould
District Clerk
Collin County, Texas
By Karli Curtius Deputy
Envelope ID: 95764844

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § § | COLLIN COUNTY, TEXAS |
| v. | § § § | |
| INSIGHT INVESTMENTS, LLC, | § § § | 380th JUDICIAL DISTRICT |
| *Defendant*. | § § § | |

## PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT

Plaintiff Stonebriar Commercial Finance LLC ("Stonebriar") files this Motion to Set Supersedeas Amount, asking this Court to set the supersedeas amount at $5,903,679.08 and, in doing so, declare Insight Investments, LLC's ("Insight") $500 cash deposit insufficient to suspend this Court's Final Judgment. In support of this Motion, Stonebriar respectfully shows the Court as follows:

## INTRODUCTION

A judgment debtor has a choice: the debtor can submit to the judgment and abide by its terms, or the debtor can supersede the judgment for the duration of the debtor's appeal by filing a proper bond or deposit with the trial court. Insight did neither. Instead of submitting to the judgment or posting a proper bond or deposit, Insight has instead made a $500 cash deposit with the clerk of the Court. It is unclear what this $500 represents, or how Insight arrived at this figure. (Insight's notice and letter to the clerk provide no such explanation, and Insight's counsel has provided no explanation, either.) But that doesn't matter. What matters, for purposes of this Motion, is that the $500 cash deposit is insufficient to protect Stonebriar against the loss or damage it faces as a result of Insight's appeal. And it fails to provide Stonebriar with any assurance that it can collect on this Court's Final Judgment if (and when) it is affirmed on appeal.

This Court's Final Judgment requires Insight to repurchase a certain lease agreement from

**Stonebriar's Motion to Set Supersedeas Amount** - Page 1

Copy from re:SearchTX

Stonebriar. As of today, that requires Insight to pay Stonebriar $5,903,679.08. This equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72), plus the $1,062,657.36 in contractually agreed-upon interest that Insight has accrued in the 808 days since ($1,315.17 each day). Accordingly, this Court should set the supersedeas amount at $5,903,679.08, the undisputed amount owing at the time of Stonebriar's initial repurchase demand plus the accumulated interest in the time since. This Court should further award Stonebriar its reasonable attorney's fees incurred in prosecuting this Motion, which Stonebriar has only incurred due to Insight's continued gamesmanship in this matter.

## BACKGROUND

In November 2022, Stonebriar sued Insight for breach of contract and attorney's fees based on a short, simple, and exceedingly clear contract (the "Repurchase Letter")—which Insight drafted itself and executed. *See* Pl.'s Orig. Pet. at 4 ¶ 14; Renewed Traditional Motion for Summary Judgment ("Renewed MSJ") at 4 ¶ 5 (citing Ex. C).

The Repurchase Letter states that Stonebriar will provide Insight with a loan evidenced by a promissory note dated July 27, 2022 ("Promissory Note"). *See* Renewed MSJ, Ex. C. Insight, in turn, will deliver certain original documentation to Stonebriar's office. *Id.* If Insight fails to deliver the original documentation to Stonebriar, then Stonebriar has "sole discretion" under the Repurchase Letter to require Insight to repurchase a certain Equipment Lease Agreement.[1] There is no right to cure. The repurchase price, according to the Repurchase Letter, shall equal "the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees." *See id.*

---

[1] "Equipment Lease Agreement" has the meaning given to it in Stonebriar's Renewed MSJ.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 2

Copy from re:SearchTX

While Stonebriar timely provided Insight with the loan described in the Repurchase Letter, Insight failed to deliver the original documentation to Stonebriar despite several inquiries from Stonebriar over a significant period of time. Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶¶ 6–7; *see* Def.'s Resp. to Pl.'s Renewed MSJ, Ex. A, Declaration of Insight President at 3 ¶ 7 (acknowledging that "Stonebriar loaned $5,010,998.00 to Insight for the purchase of equipment for use in Lessee's business operations."). Stonebriar therefore exercised its discretion under the Repurchase Letter and demanded Insight repurchase the Equipment Lease Agreement for the amount outstanding on the loan plus accrued interest—which, as of October 14, 2022, totaled $4,841,021.72. *See id.* at 2 ¶ 8; Renewed MSJ, Ex. E; Def.'s Resp. to Pl.'s Renewed MSJ, Ex A at 4 ¶ 11 (acknowledging that, on October 14, 2022, "Stonebriar demanded that Insight immediate [*sic*] repurchase [the Equipment Lease Agreement] through payment of $4,841[,]021.72"). As part of the demand, Stonebriar informed Insight that interest would accumulate at "$1,315.17 for each day [t]hereafter." Renewed MSJ, Ex. E.

Insight still didn't respond, so Stonebriar sent a follow-up demand letter to Insight on November 2, which demanded that "Insight 'immediately consummate the repurchase of the Equipment Lease Agreement' and remit payment of $4,864,694.78."[2] Def.'s Resp. to Pl.'s Renewed MSJ, Ex. A at 4 ¶ 12. When Insight finally responded, it did not contest the calculation of the repurchase price or the accumulated interest under the Repurchase Letter. Instead, Insight refused to repurchase the Equipment Lease Agreement altogether and promised to provide Stonebriar with the required original documentation "soon." *See id.* But that was no longer an option and—even if it was—Insight to this day has never delivered the original documentation to Stonebriar, as it was

---

[2] This amount (that is, the $4,464,694.78 that Stonebriar demanded on November 2, 2022) equals the amount Stonebriar initially demanded on October 14, 2022, plus $23,673.06 in accrued interest (18 days at $1,315.17 in daily interest).

**Stonebriar's Motion to Set Supersedeas Amount** - Page 3

Copy from re:SearchTX

required to do.  *See* Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶ 6

Shortly after initiating the lawsuit, Stonebriar moved for traditional summary judgment on its claims for breach of contract and attorney's fees, citing the plain language in the Repurchase Letter and the limited universe of facts (none of which Insight could dispute).  Pl.'s Orig. Mot. for Summary Judgment at 1.  Instead of responding, Insight moved for a continuance, emphasizing its need to conduct discovery prior to summary judgment, including at least two depositions allegedly "strik[ing] to the heart of the dispute.  *See* Def.'s Mot. for Continuance at 2 ¶¶ 5–6.  The Court thereafter granted the continuance.

Insight then did next-to-nothing for the following year.  Insight never followed up on the depositions.  And Insight only issued a handful of written discovery requests, after close of business on the last possible day to do so.  *See* Renewed MSJ at 7 (chart illustrating Insight's inaction).

Accordingly, in March 2024, Stonebriar renewed its traditional motion for summary judgment.  Insight opposed Stonebriar's Renewed Motion for Summary Judgment and asserted a slew of objections to Stonebriar's summary judgment evidence, each of which required a response from Stonebriar.  After reviewing these materials, the Court granted Stonebriar's Renewed Motion for Summary Judgment and overruled all of Insight's objections.  *See* Ex. A, Order Granting Summary Judgment.

Insight filed a motion for rehearing and motion for new trial following this Court's order granting Stonebriar summary judgment.  But this Court again denied Insight's motion and entered final judgment in Stonebriar's favor shortly thereafter (the "Final Judgment").  *See* Ex. B, Final Judgment.  As part of that Final Judgment, this Court ordered Insight to repurchase the Equipment Lease Agreement—as that term is defined in Stonebriar's Renewed Motion for Summary Judgment— and awarded Stonebriar all its requested attorneys' fees, including conditional appellate attorneys' fees.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 4

Copy from re:SearchTX

*See id.* Insight then filed a second motion for new trial—which largely mirrored its first motion for new trial—but the motion was overruled as a matter of law.

Having exhausted all post-judgment options, Insight has now noticed its appeal. But instead of noticing its appeal to the Fifth Court of Appeals as required by law, Insight has noticed its appeal to the Fifteenth Court of Appeals based on a tortured interpretation of the newly established Court's jurisdictional reach. (As of now, the appeal is still pending in that Court.) Insight has also deposited cash into the Court's registry in a purported attempt to supersede this Court's judgment. *See* Ex. C, Letter to Clerk. The amount of the deposit: **$500.**

It is obvious that five hundred dollars would not adequately protect Stonebriar during the pendency of Insight's appeal. When Stonebriar prevails on appeal, Insight will be obligated to pay to repurchase the Equipment Lease Agreement from Stonebriar pursuant to this Court's Final Judgment. That amount is currently $5,903,679.08. This equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72), plus the $1,062,657.36 in contractually agreed-upon interest that Insight has accrued in the 808 days since. Accordingly, at a minimum, this Court should set the supersedeas amount at $5,903,679.08, the undisputed amount owing at the time of Stonebriar's initial repurchase demand plus the accumulated interest in the time since.

While counsel for Stonebriar advised counsel for Insight of the insufficiency of the deposited amount ($500), counsel for Insight has refused to make any take any further action. Because Insight's deposit does not comply with law and counsel for Insight refuses to engage with counsel for Stonebriar on this issue, Stonebriar must now move this Court to set the supersedeas amount at $5,903,679.08. Ex. D, Declaration of Jeffrey L. Wilkison.

Copy from re:SearchTX

**ARGUMENT**

## I. The Supersedeas Amount Should Be the Amount Required to Repurchase the Equipment Lease Agreement ($5,903,679.08, as of today).

The Texas Rules of Appellate Procedure allow a judgment creditor to suspend execution of a judgment during the pendency of appeal by filing a "good and sufficient" bond, making a cash deposit in lieu of a bond, or by providing alternative security ordered by the court. Tex. R. App. P. 24.1(a), (b); *see also* Tex. Civ. Prac. & Rem. § 52.006. "The intent of the rule is to enable the appellee to collect the judgment against the appellant and [its] sureties if the judgment is affirmed." *FaulknerUSA, LP v. Alaron Supply Co., Inc.*, 301 S.W.3d 345, 347 (Tex. App.—El Paso 2009, no pet.). The trial court retains jurisdiction to order or modify the amount and type of security necessary to supersede its judgment, even after its plenary power expires. Tex. R. App. P. 24.3(a).

The amount of the bond or deposit depends on the type of judgment at issue. *See* Tex. R. App. P. 24.1, 24.2(a). "When the judgment is for something other than money or an interest in property—such as a judgment for specific performance on a contract—the trial court 'must set the amount and type of security that the judgment creditor must post.'" *Waterford Lago Vista, LLC v. Waterford Dev. Partners, L.P.*, No. 3-24-27-CV, 2024 WL 3207528, at *1–*2 (Tex. App.—Austin June 28, 2024, no pet.); Tex. R. App. P. 24.2(a)(3).

While the trial court has wide discretion in setting the amount and type of security necessary to supersede the judgment, the supersedeas amount "must adequately protect the judgment creditor against loss or damage that the appeal might cause." Tex. R. Civ. App. P. 24.2(a)(3); *see Hernandez v. U.S. Bank Tr. N.A. for LSF8 Master Participation Tr.*, 527 S.W.3d 307, 309 (Tex. App.—El Paso 2017, no pet.). This is determined by evaluating the "monetary or material losses ascertainable . . . by the judgment itself" or "by evidence relating to proof of damages generally." *Waterford Lago Vista*, 2024 WL 3207528, at *2 (quoting *Haedge v. Central Tex. Cattlemen's Ass'n*, 603 S.W.3d 824, 828 (Tex. 2020)).

**Stonebriar's Motion to Set Supersedeas Amount** - Page 6

Copy from re:SearchTX

Here, the Court's Final Judgment orders Insight to—among other things—"repurchase the Equipment Lease Agreement" from Stonebriar "pursuant to the terms of the Repurchase Letter," as Insight was already obligated to do when Stonebriar first exercised its discretion and demanded Insight repurchase the Equipment Lease Agreement for $4,841,021.72 (the amount outstanding on the loan plus accrued interest as of October 14, 2022). Pl.'s Reply in Support of Renewed MSJ, Ex. I at 2 ¶ 8; Renewed MSJ, Ex. E; Def.'s Resp. to Pl.'s Renewed MSJ, Ex A at 4 ¶ 11. Because the Final Judgment orders Insight to specifically perform under a contract—albeit by tendering a specific amount to Stonebriar—the judgment is primarily for something other than "money or an interest in property." Tex. R. App. P. 24.2(a)(3); *see Waterford Lago Vista*, 2024 WL 3207528, at *1–*2 (reasoning that a judgment requiring specific performance falls under Rule 24.2(a)(3)). Accordingly, the Court must set the amount required to supersede its judgment at an amount sufficient "to adequately protect" Stonebriar against loss or damage that the appeal might cause.

That amount plainly is not $500, as Insight's eleventh-hour cash deposit suggests. Rather, it is the amount required to repurchase the Equipment Lease Agreement from Stonebriar under the Repurchase Letter. As of today, that amount is currently $5,903,679.08, which equals the amount Stonebriar initially demanded on October 14, 2022 ($4,841,021.72) plus the $1,062,657.36 in interest that Insight has accrued in the 808 days since ($1,315.17 each day after October 14, 2022).[3] Ex. D. This amount adequately protects Stonebriar from the loss or damage it will experience as a result of the appeal—that is, the amount Insight would otherwise be required to pay Stonebriar pursuant to this Court's Final Judgment (excluding attorneys' fees, see note 2). And it ensures Stonebriar's ability

---

[3] Arguably, this amount should also include attorneys' fees since the repurchasing the Equipment Lease Agreement would include such fees. However, Texas law is unclear whether in the present instance a supersedeas bond or deposit should include attorneys' fees and so, out of an abundance of caution, Stonebriar has not included attorney's fees in this calculation.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 7

Copy from re:SearchTX

to recover if (and when) this Court's judgment is affirmed, which aligns with the purpose of the supersedeas rule. *See Faulkner*, 301 S.W.3d at 347. For these reasons, this Court should set the amount necessary to suspend its Final Judgment at $5,903,679.08.

10.     In addition, this Court should award Stonebriar the reasonable attorney's fees it has incurred in moving this Court to set a proper supersedeas amount, given Insight's plainly deficient $500 cash deposit and its counsel's unwillingness to respond to communications on this issue. *See Howell v. Tex. Workers' Compensation Com'n*, 143 S.W.3d 416, 446–47 (Tex. App.—Austin 2004, pet. denied) (describing the Court's inherent authority and authority under Rule 13 to impose sanctions to deter, alleviate, and counteract bad-faith abuse of the judicial process). Such an award would deter such frivolous deposits in the future and thereby preserve this Court's limited resources. *See id.* It would further deter parties from disingenuously advocating for unnecessary continuances, such as Insight did here. The Court can—and should—take this past conduct into account when considering the propriety of ordering attorneys' fees. *Great Western Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 698 (Tex. App.—Eastland 2009, no pet.) (noting the appropriateness of considering past behavior in imposing sanctions). And considering this past conduct—coupled with Insight's most recent maneuver with the $500 cash deposit—this Court should award Stonebriar all reasonable attorney's fees incurred in prosecuting this Motion.

## CONCLUSION

For these reasons, Stonebriar respectfully requests that this Court grant Stonebriar's Motion to Set Supersedeas Amount and set the amount necessary to supersede its Final Judgment at $5,903,679.08. Stonebriar further requests an award of all attorney's fees incurred in the prosecution of this Motion as well as all other relief to which Stonebriar may show itself to be justly entitled.

**Stonebriar's Motion to Set Supersedeas Amount** - Page 8

Copy from re:SearchTX

Dated: December 31, 2024

Respectfully submitted,

*/s/ LeElle Slifer*
LeElle Slifer
State Bar No. 24074549
Dylan French
State Bar No. 24116393
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, Texas 75202
Telephone: (214) 453-6500
lslifer@winston.com
dfrench@winston.com

*Attorneys for Plaintiff Stonebriar Commercial Finance LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on December 31, 2024 to all counsel of record via E-Filing.

*/s/ Dylan French*
Dylan French

## CERTIFICATE OF CONFERENCE

I certify that counsel for Stonebriar has conferred with counsel for Insight via email regarding Stonebriar's the supersedeas amount proposed in this Motion. Insight refused to agree to the proposed amount.

*/s/ Dylan French*
Dylan French

**Stonebriar's Motion to Set Supersedeas Amount** - Page 9

Copy from re:SearchTX

# EXHIBIT A

Copy from re:SearchTX

Filed: 5/2/2024 11:53 PM
Michael Gould
District Clerk
Collin County, Texas
By Johnna Meadows Deputy
Envelope ID: 87338191

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

### [PROPOSED] ORDER GRANTING PLAINTIFF'S RENEWED TRADITIONAL MOTION FOR SUMMARY JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment, for the reasons set forth by Stonebriar, and based upon the entire record herein, including the pleadings, the evidence submitted by the parties, and the arguments of counsel, if any, it is:

ORDERED that Stonebriar's Renewed Traditional Motion for Summary Judgment is GRANTED in its entirety, and Insight Investment, LLC's ("Insight") Objections to Stonebriar's Renewed Traditional Motion for Summary Judgment are OVERRULED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement pursuant to the terms of the Repurchase Letter within seven business days of this Order.[1]  Insight is FURTHER ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and all costs incurred in this litigation.  If Stonebriar and Insight are unable to agree on the amount of reasonable fees and costs incurred, Stonebriar shall set a date for an evidentiary hearing before the Court to resolve the issue of fees and costs.

---

[1] Capitalized terms not otherwise defined in this order have the meaning given to them in Stonebriar's Renewed Traditional Motion for Summary Judgment.

Copy from re:SearchTX

All relief not expressly granted by this Order is DENIED.


SO ORDERED.

Dated: _____5/6/2024_____

_Benjamin N. Smith_
PRESIDING JUDGE

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 87338191
Filing Code Description: Order
Filing Description: (Proposed) Order Granting Plaintiff's Renewed Traditional Motion for Summary Judgment
Status as of 5/6/2024 4:15 PM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dylan French | | DFrench@winston.com | 5/2/2024 11:53:29 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 5/2/2024 11:53:29 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 5/2/2024 11:53:29 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 5/2/2024 11:53:29 PM | SENT |

Copy from re:SearchTX

# EXHIBIT B

Copy from re:SearchTX

Filed: 9/5/2024 5:23 PM
Michael Gould
District Clerk
Collin County, Texas
By Natika Dixon Deputy
Envelope ID: 91703149

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | COLLIN COUNTY, TEXAS |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC, | § § | |
| Defendant. | § § | **JURY TRIAL DEMANDED** |

## [PROPOSED] FINAL JUDGMENT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), for the reasons set forth by Stonebriar, and based on the entire record herein, including the pleadings, arguments of counsel, if any, and evidence submitted by the parties—including the evidence submitted in connection with the August 6, 2024 hearing on attorneys' fees and costs—the Court GRANTS Stonebriar's Renewed MSJ in its entirety and renders judgment in favor of Stonebriar on Stonebriar's claims for breach of contract and attorneys' fees. Insight's Objections to Stonebriar's Renewed Traditional MSJ are OVERRULED, and Insight's Motion for Rehearing and New Trial is DENIED.

Insight is therefore ORDERED to repurchase the Equipment Lease Agreement[1] pursuant to the terms of the Repurchase Letter within seven business days of this Final Judgment. Insight is further ORDERED to pay Stonebriar's reasonable and necessary attorneys' fees and costs in the amount of $ 291,341.00. In addition, Stonebriar is awarded conditional appellate attorneys' fees and costs in the amount of $160,800 for any appeal to the intermediate court of appeals. Stonebriar is further award conditional appellate attorneys' fees and costs in the amount of $183,630 for any appeal to the Supreme Court of Texas (consisting of $66,840 for the petition for review stage, and $116,790

---

[1] Capitalized terms not otherwise defined in this Final Judgment have the meaning given to them in Stonebriar's Renewed MSJ.

for the merits briefing stage, oral argument, and conclusion of the appeal).

This is a final, appealable judgment that disposes of all claims between the parties. All relief not expressed granted by this Final Judgment is DENIED.

9/16/2024
_____
DATE

_Benjamin A. Smith_
PRESIDING JUDGE

Copy from re:SearchTX

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Randi Marks on behalf of LeElle Slifer
Bar No. 24074549
rmarks@winston.com
Envelope ID: 91703149
Filing Code Description: Proposed Order
Filing Description: Final Judgment
Status as of 9/17/2024 8:41 AM CST

Associated Case Party: Stonebriar Commercial Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan French | | DFrench@winston.com | 9/5/2024 5:23:30 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 9/5/2024 5:23:30 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 9/5/2024 5:23:30 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 9/5/2024 5:23:30 PM | SENT |

Copy from re:SearchTX

# EXHIBIT C

Copy from re:SearchTX



WCB Wright Close&Barger

Trials and Appeals in Civil Cases

RACHEL H. STINSON
STINSON@WRIGHTCLOSEBARGER.COM

Board Certified
Civil Appellate Law
Texas Board of Legal Specialization

December 23, 2024

Mr. Michael Gould                              *Via Federal Express 7709 9290 7857*
Collin County District Clerk
Russell A. Steindam Courts Building
2100 Bloomdale Rd.
McKinney, TX 75071

Re:    Cause No. 380-06242-2022; *Stonebriar Commercial Finance, LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County, Texas.

Dear Mr. Gould:

Enclosed please find a Cash Deposit to be deposited in the court's registry in the above-referenced matter pursuant to Texas Rule of Appellate Procedure 24.

Please direct a receipt to the below address, or via email to: stinson@wrightclosebarger.com.

Thank you in advance for your assistance in this regard. Please do not hesitate to contact my office should you have any questions.

Very truly yours,

/s/ *Rachel H. Stinson*
Rachel H. Stinson

RHS/mjg

Enclosures
cc: All Counsel of Record

WRIGHT CLOSE & BARGER, LLP
ONE RIVERWAY, SUITE 2200, HOUSTON, TEXAS 77056 • TEL: 713.572.4321 • FAX: 713.572.4320

Copy from re:SearchTX

Collin County District Clerk
  12/23/2024  1536.0001 - Stonebriar V. Insight          12.23.24          500.00          500.00

12/23/2024          31083          Gross:          500.00   Ded:          0.00  Net:          500.00

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM.

**WRIGHT CLOSE & BARGER, LLP**
ONE RIVERWAY, SUITE 2200
HOUSTON, TX 77056

PNC Bank, N.A.    071

31083
70-2189/719
3598

CHECK ARMOR

12/23/2024

\*\*\* FIVE HUNDRED & 00/100 DOLLARS

****$500.00
AMOUNT

PAY
TO THE
ORDER
OF

Collin County District Clerk
2100 Bloomdale Road Suite 12132
McKinney TX 75071

AUTHORIZED SIGNATURE

⑈031083⑈ ⑈071921891⑈ 494313259 2⑈

**WRIGHT CLOSE & BARGER, LLP**          31083

 Rev 3/19
Copy from re:SearchTX


104651

 10465

ORIGIN ID:HOUA    (713) 572-4321
TRACY STUBBLEFIELD
WRIGHT & CLOSE, LLP
ONE RIVERWAY, SUITE 2200

HOUSTON, TX 77056
UNITED STATES US

SHIP DATE: 23DEC24
ACTWGT: 0.50 LB
CAD: 1217104/INET4760

BILL SENDER

TO   **MICHAEL GOULD**
**COLLIN COUNTY DISTRICT CLERK**
**2100 BLOOMDALE RD**

**MCKINNEY TX 75071**
(972) 548-4320                    REF: 1536.0001
INV:
PO:                               DEPT:





**FedEx**
Express

**FRI - 27 DEC 5:00P**

**EXPRESS SAVER**

TRK#
0201    **7709 9290 7857**

FedEx

**This envelope is only for FedEx Express® shi**
You can help us get your package safely to its d

Do not ship liquids, blood, or clinical specimens in this packagin

REMOVE TO EXPOSE ADHESIVE
REMOVE TO EXPOSE ADHESIVE
REMOVE TO EXPOSE ADHESIVE
REMOVE TO EXPOSE ADHESIVE
REMOVE TO EXPOSE ADHESIVE
REMOVE TO EXPOSE ADHESIVE

Copy from re:SearchTX

# EXHIBIT D

Copy from re:SearchTX

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| | § | |
| v. | § § | 380th JUDICIAL DISTRICT |
| | § | |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JEFFREY L. WILKISON IN SUPPORT OF PLAINTIFF'S MOTION TO SET SUPERSEDEAS AMOUNT

1.      My name is Jeffrey L. Wilkison.  I am the Senior Vice President and Chief Risk Officer of Stonebriar Commercial Finance LLC.  As Senior Vice President and Chief Risk Officer, I am also responsible for the full range of managerial duties including staffing, underwriting, documentation, lien perfection, collection and recovery and compliance with policies and practices of both the organization and applicable regulatory agencies.  Further, I was directly involved in the transactions with Insight Investments, LLC ("Insight") described in Stonebriar's Original Petition, Stonebriar's Renewed Traditional Motion for Summary Judgment ("Renewed MSJ"), and Stonebriar's Motion to Set Supersedeas Amount. Indeed, I was in regular communication with Stonebriar employees regarding the communications with Insight and the transactions between the companies, I reviewed emails and letter correspondences between Insight and Stonebriar, I prepared communications to Insight—such as the Repurchase Demand attached as Exhibit E to Stonebriar's Renewed MSJ—and readily observed the interactions between the two companies as Senior Vice President and Chief Risk Officer.

Declaration of Jeffrey L. Wilkison – Page 1

Copy from re:SearchTX

2. On April 11, 2022, Stonebriar entered into a Master Non-Recourse Agreement with Insight Investments, LLC ("Security Agreement"). Exhibit A attached to Stonebriar's Renewed MSJ is a true and correct copy of the Security Agreement.

3. On July 27, 2022, Stonebriar and Insight executed a Specification pursuant to the Security Agreement ("Specification No. 1"). Exhibit B attached to Stonebriar's Renewed MSJ is a true and correct copy of Specification No. 1.

4. Insight also executed a separate contract detailing the conditions under which Insight could be required to repurchase the Equipment Lease Agreement[1] detailed in Specification No. 1 ("Repurchase Letter"). Exhibit C attached to Stonebriar's Renewed MSJ is a true and correct copy of the Repurchase Letter. The Repurchase Letter acknowledges that Stonebriar will provide Insight with a loan (the "Loan") evidenced by a promissory note dated July 27, 2022 ("Promissory Note"), and it requires Insight either to deliver certain original documentation or to, at Stonebriar's option, indemnify Stonebriar by repurchasing the Equipment Lease Agreement at "the principal outstanding of the Promissory Note, plus accrued interest at the rate stated in the Promissory Note, plus all costs of collection including attorney's fees."

5. As of today, December 31, 2024, the amount required to repurchase the Equipment Lease Agreement equals $5,903,679.08. This equals the amount included in the October 14, 2022 Repurchase Demand ($4,841,021.72), plus $1,062,657.36 in accumulated interest for the 808 days since then ($1,315.17 in accumulated interest for each day after October 14, 2022). This figure does not include the amount of attorney's fees Stonebriar has incurred attempting to enforce the Repurchase Letter through this litigation.

_____

[1] Capitalized terms that I have not defined in this declaration have the meaning given to them in Stonebriar's Renewed MSJ.

Declaration of Jeffrey L. Wilkison – Page 2

Copy from re:SearchTX

6.    I regularly perform such calculations in my role as Senior Vice President and Chief Risk Officer.  And I have performed this same calculation previously as part of my involvement in the above-referenced transaction between Insight and Stonebriar, including as part of the above-referenced Repurchase Demand (attached as Exhibit E to Stonebriar's).

7.    My name is Jeffrey L. Wilkison, and I have personal knowledge of the facts, events, and documents referenced in this declaration.  My date of birth is August 15, 1960.  My business address is 5525 Granite Parkway, Suite 1800, Plano, Texas 75024.  And I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, in the State of Texas, on the 31th day of December, 2024.

*/s/ Jeff Wilkison*_____
Jeffrey L. Wilkison

Declaration of Jeffrey L. Wilkison – Page 3

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 95764844
Filing Code Description: Motion
Filing Description: Plaintiff's Motion to Set Supersedeas Amount
Status as of 1/2/2025 9:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/31/2024 6:11:11 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/31/2024 6:11:11 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/31/2024 6:11:11 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/31/2024 6:11:11 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/31/2024 6:11:11 PM | SENT |
| Dylan French | | DFrench@winston.com | 12/31/2024 6:11:11 PM | SENT |

Copy from re:SearchTX

# Exhibit D
## Order Setting Supersedeas Amount

Filed: 12/31/2024 6:13 PM
Michael Gould
District Clerk
Collin County, Texas
By Karli Curtius Deputy
Envelope ID: 95764862

Cause No. 380-06242-2022

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| Plaintiff, | § § | |
| v. | § § | |
| | § | 380th JUDICIAL DISTRICT |
| INSIGHT INVESTMENTS, LLC., | § § | |
| | § § | |
| Defendant. | § | |

## [PROPOSED] ORDER SETTING SUPERSEDEAS AMOUNT

Upon consideration of Plaintiff Stonebriar Commercial Finance LLC's ("Stonebriar") Motion to Set Supersedeas Amount and Defendant Insight Investments, LLC's response thereto, for the reasons set forth by Stonebriar, and based upon the entire record, including the pleadings, the evidence submitted by the parties, and the arguments of counsel, if any, it:

ORDERED that Insight must post a supersedeas bond or deposit in the amount of $5,903,679.08 to stay the execution of judgment in this case pending appeal. All relief not expressly granted by this Order is DENIED.

SO ORDERED.

Dated: _____1/6/2025_____

_Benjamin N. Smith_
PRESIDING JUDGE

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dylan French on behalf of Dylan French
Bar No. 24116393
dfrench@winston.com
Envelope ID: 95764862
Filing Code Description: Proposed Order
Filing Description: Proposed Order Setting Supersedeas Amount
Status as of 1/7/2025 8:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeffrey Leaverton | | jleaverton@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Sara Verrett | | sverrett@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Owen Babcock | | obabcock@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Chrissy Fernandez | | cfernandez@padfieldstout.com | 12/31/2024 6:13:56 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 12/31/2024 6:13:56 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 12/31/2024 6:13:56 PM | SENT |
| Sarah Shelby | | ecf_houston@winston.com | 12/31/2024 6:13:56 PM | SENT |
| LeElle LSlifer | | LSlifer@winston.com | 12/31/2024 6:13:56 PM | SENT |
| Dylan French | | DFrench@winston.com | 12/31/2024 6:13:56 PM | SENT |

# Exhibit E
## E-mails from Stonebriar's Counsel

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | | COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § § | |
| | § | |
| v. | § | 380th JUDICIAL DISTRICT |
| | § | |
| INSIGHT INVESTMENTS, LLC, | § | **Jury Trial Demanded** |
| *Defendant*. | | |

## Declaration of Rachel H. Stinson

1. My name is Rachel H. Stinson, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance, LLC v. Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas and Case No. 15-24-00133-CV, *Insight Investments, LLC v. Stonebriar Commercial Finance, LLC* in the Fifteenth Court of Appeals in Austin, Texas.

2. By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. The document attached as Attachment 1 to this Declaration is a true and correct copy of one such string of correspondence.

3. I am an employee of Wright Close & Barger, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has five pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within Attachment 1 are records that were made at or near the time of each act, event, opinion, or statement set forth therein. The

records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

4. My date of birth is August 11, 1975. My business address is One Riverway, Suite 2200, Houston, Texas 77056.

5. I declare under penalty of perjury that the foregoing is true and correct. *See* TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed: January 16, 2025

_____
Rachel H. Stinson

| | |
|---|---|
| **From:** | Slifer, LeElle B. |
| **To:** | Wright, Tom; Stinson, Rachel |
| **Cc:** | French, Dylan |
| **Subject:** | FW: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| **Date:** | Monday, January 6, 2025 10:46:46 AM |
| **Attachments:** | image003.png |

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

Tom and Rachel, it is your call. January 22 and we don't start collecting or February 3 and we start collecting.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:34 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

I have January 22nd available.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge – by mail, e-mail, phone, or in person – about

**Attachment 1 to Stinson Declaration**

<span style="color:red">any pending or potential lawsuit! Doing so may result in serious consequences.</span>

**PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.**
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE.  PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 10:31 AM
**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>
**Cc:** French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

We need it as soon as possible, otherwise we will begin collection efforts because of the improper bond amount.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

<span style="color:red">VCard</span> | <span style="color:red">winston.com</span>



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:30 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>; Slifer, LeElle B. <LSlifer@winston.com>; French, Dylan <DFrench@winston.com>; Stinson, Rachel <stinson@wrightclosebarger.com>
**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

I have two cases set for trial Jan 27, as does Rachel, so Feb 3 would be best. Thanks.

Tom Wright

On Jan 6, 2025, at 10:07 AM, Amy Cabala <acabala@co.collin.tx.us> wrote:

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

I have January 27th, January 29th and February 3rd available at 9:00 a.m.

Thank you,

*Amy A. Cabala*

*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

30 minutes.

**LeElle B. Slifer**
**Partner**
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
D: +1 214-453-6431
M: +1 817-371-9978
VCard | winston.com
<image001.jpg>

**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*
*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

# Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan

**Dylan French**
**Associate Attorney**
Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com
<image002.jpg>

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

| | | |
|---|---|---|
| STONEBRIAR COMMERCIAL FINANCE LLC, | § § § | IN THE DISTRICT COURT OF |
| | § | COLLIN COUNTY, TEXAS |
| *Plaintiff,* | § § | |
| v. | § § | 380th JUDICIAL DISTRICT |
| | § | |
| INSIGHT INVESTMENTS, LLC, | § | **Jury Trial Demanded** |
| *Defendant.* | | |

## Declaration of Owen C. Babcock

1.  My name is Owen C. Babcock, and I am an attorney representing Insight Investments, LLC ("Insight") in the lawsuit captioned as Cause No. 380-06242-2022, *Stonebriar Commercial Finance LLC v Insight Investments, LLC*, in the 380th Judicial District Court of Collin County Texas.

2.  By virtue of my employment as an attorney for, and my representation of, Insight in this matter, I have personal knowledge of the facts, events, and documents referenced in this declaration. I have formally appeared as counsel representing Insight in this matter, and was copied on correspondence between Stonebriar's counsel, Insight's counsel, and court staff for the 380th Judicial District Court regarding the setting of Stonebriar's "Motion to Set Supersedeas Amount" for an evidentiary hearing. A true and correct copy of such correspondence is attached to this Declaration as **Attachment 1.**

3.  Stonebriar's "Motion to Set Supersedeas Amount" was e-filed and simultaneously served upon counsel for Insight on December 31, 2024 at 6:11 pm. Stonebriar's proposed order in support of that motion was e-filed and served upon Insight's counsel two minutes later.

4.  On Sunday, January 5, 2024, at 9:31 pm, Stonebriar's counsel e-mailed court staff for the 380th Judicial District Court to request a hearing on Stonebriar's motion. Counsel for Insight was copied on

that email.

5.      On Monday, January 6, 2025, the Court responded at 9:50 am to ask how much time Stonebriar needed for the hearing. Stonebriar's counsel responded at 9:51 am by asking for "30 minutes." The Court responded at 10:07 am, "I have January 27th, January 29th and February 3rd available at 9:00 a.m." Insight's counsel informed the Court and Stonebriar's counsel at 10:18 am that, "[s]ince the hearing will need to be an evidentiary hearing, we might need more like an hour." Counsel for Stonebriar agreed at 10:22 am that "[a]n hour is fine[.]" At 11:00 am, counsel for Stonebriar emailed the Court and counsel for Insight: "We'll do February 3 for 1 hour, thank you."

6.      Despite agreeing to have its motion set for hearing on February 3rd at 9:00 am, Stonebriar did not send out notice for such a setting. Instead, at 6:31 pm on Monday, January 6, 2025, counsel for Stonebriar e-mailed the Court and counsel for Insight to state: "Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?"

7.      Counsel for Stonebriar again e-mailed the Court at 10:19 pm on Tuesday, January 7, 2025, to ask whether Stonebriar's motion could be heard "the week of February 10."

8.      The Court responded to all counsel on Wednesday, January 8, 2025 at 9:47 am: "It looks like the order was signed on January 6th." Stonebriar's counsel responded three minutes later, "Thank you, could you please send us a copy? We did not receive a notification and I cannot pull it off the docket." Counsel for Insight did not receive any notification that the order had been signed, either. Then, at 10:28 am, counsel for Stonebriar circulated a .pdf of the signed order, saying "we were able to obtain it a different way."

9.      The .pdf that Stonebriar circulated, and the version of the order that appears on this Court's electronic docket, does appear to show that Stonebriar's proposed order was electronically signed without alteration by the Court on January 6, 2025—the same day that Stonebriar had agreed to set the motion for an evidentiary hearing on February 3, 2025.

10. I am an employee of Padfield & Stout, LLP, and am familiar with the manner in which its records are created and maintained by virtue of my duties and responsibilities. Attachment 1 has seven (7) pages, and is an exact duplicate of the electronic communication received by my firm. The correspondence contained within **Attachment 1** are records that were made at or near the time of each act, event, opinion, or statement set forth therein. The records were made by, or from information transmitted by, persons with knowledge of the matters set forth. My employer Padfield & Stout, LLP keeps such records in the course of a regularly-conducted business activity (i.e., the provision of legal services to Insight in this matter). It is the regular practice of the business activity to make the records.

11. My date of birth is August 25, 1992. My business address is 100 Throckmorton Street, Suite 700, Fort Worth, Texas 76102.

12. I declare under penalty of perjury that the foregoing is true and correct. See TEX. CIV. PRAC. & REM. CODE § 132.001.

Date Signed: January 10, 2025

_____
Owen C. Babcock

| | |
|---|---|
| **From:** | <span style="color:blue">Slifer, LeElle B.</span> |
| **To:** | <span style="color:blue">Amy Cabala; French, Dylan; "Stinson, Rachel"; Wright, Tom</span> |
| **Cc:** | <span style="color:blue">Owen Babcock; Mark W. Stout</span> |
| **Subject:** | RE: [External] No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing |
| **Date:** | Wednesday, January 8, 2025 10:29:02 AM |
| **Attachments:** | <span style="color:blue">image005.png</span> |
| | <span style="color:blue">Insight - Proposed Order Setting Supersedeas Amount (1).pdf</span> |

Never mind, we were able to obtain it a different way. We've attached it here for opposing counsel. Thank you!

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

<span style="color:red">VCard</span> | <span style="color:red">winston.com</span>



**From:** Slifer, LeElle B.

**Sent:** Wednesday, January 8, 2025 9:51 AM

**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Thank you, could you please send a copy? We did not receive a notification and I cannot pull it off the docket.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP

2121 North Pearl Street, Suite 900

Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

<span style="color:red">VCard</span> | <span style="color:red">winston.com</span>



**From:** Amy Cabala <acabala@co.collin.tx.us>

**Sent:** Wednesday, January 8, 2025 9:47 AM

**To:** French, Dylan <DFrench@winston.com>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>

**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>

<span style="color:#E8620C">Attachment 1 to Babcock Declaration</span>

**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

It looks like the order was signed on January 6th.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Tuesday, January 7, 2025 10:19 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening. We are just following up on the below email. Please let us know if the Court has any availability the week of February 10.

Thank you.

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** French, Dylan
**Sent:** Monday, January 6, 2025 6:31 PM
**To:** Amy Cabala <acabala@co.collin.tx.us>; 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Ms. Cabala,

Unfortunately, we have an unmovable conflict on February 3. Can you please let us know what dates the Court has available the week of February 10th?

Thanks,

Dylan

**Dylan French**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 10:35 AM
**To:** 'Stinson, Rachel' <stinson@wrightclosebarger.com>; Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Yes.

Thank you,

*Amy A. Cabala*

*Court Administrator*

380th Judicial District Court

Russell A. Steindam Courts Building

2100 Bloomdale Road, Suite 30132

McKinney, Texas 75071

(972) 548-4762

Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.

PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.

**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** Stinson, Rachel <stinson@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:30 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** Re: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms Cabala:

Does the Feb 3rd date work for an hour time slot instead of 30 mins?

Rachel Stinson
Partner, Appeals
Cell: 713-935-0571

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 10:22:17 AM

**To:** Wright, Tom <wright@wrightclosebarger.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com <obabcock@padfieldstout.com>; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

An hour is fine

**LeElle B. Slifer**
**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Wright, Tom <wright@wrightclosebarger.com>
**Sent:** Monday, January 6, 2025 10:18 AM
**To:** Slifer, LeElle B. <LSlifer@winston.com>; Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

Since the hearing will need to be an evidentiary hearing, we might need more like an hour.

**From:** Slifer, LeElle B. <LSlifer@winston.com>
**Sent:** Monday, January 6, 2025 9:51 AM
**To:** Amy Cabala <acabala@co.collin.tx.us>; French, Dylan <DFrench@winston.com>
**Cc:** Stinson, Rachel <stinson@wrightclosebarger.com>; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

[**WARNING** - This message did not originate from the Wright Close & Barger email server. **DO NOT CLICK** links or attachments unless you recognize the sender and know that the content is safe.]

30 minutes.

**LeElle B. Slifer**

**Partner**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6431

M: +1 817-371-9978

VCard | winston.com



**From:** Amy Cabala <acabala@co.collin.tx.us>
**Sent:** Monday, January 6, 2025 9:50 AM
**To:** French, Dylan <DFrench@winston.com>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** RE: No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

How much time will you need for this hearing?

Thank you,

*Amy A. Cabala*

*Court Administrator*
380th Judicial District Court
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30132
McKinney, Texas 75071
(972) 548-4762
Fax: (972) 547-5733

## Warning

Do not attempt to contact a judge - by mail, e-mail, phone, or in person - about any pending or potential lawsuit! Doing so may result in serious consequences.

PURSUANT TO 3.3 OF THE LOCAL RULES, NO COUNSEL FOR A PARTY SHALL FILE, NOR SHALL ANY CLERK SET FOR HEARING, ANY MOTION UNLESS ACCOMPANIED WITH A CERTIFICATE OF CONFERENCE.
PLEASE CHECK ALL SETTINGS ONLINE AT WWW.COLLINCOUNTYTX.GOV PRIOR TO REQUESTING A HEARING, AS YOUR REQUEST MAY HAVE ALREADY BEEN HANDLED. NO HEARING WILL BE SET BY PHONE. PLEASE FILE ALL CORRESPONDENCE DIRECTLY WITH THE DISTRICT CLERK'S OFFICE, DO NOT EMAIL OR FAX TO THE COURT.
**NOTE**: All email correspondence relating to pending cases will be filed with the District Clerk for inclusion in the record of the case. Any communication to the Court or staff via email must comply with Rules 21 and 21a, T.R.C.P., and to do so by the fastest means available to the other affected parties or counsel. The provisions of Canon 3B(8) of the Code of Judicial Conduct should be carefully reviewed before any person connected with a case attempts any communication with the judge or court personnel.

**From:** French, Dylan <DFrench@winston.com>
**Sent:** Sunday, January 5, 2025 9:31 PM

**To:** Amy Cabala <acabala@co.collin.tx.us>
**Cc:** Slifer, LeElle B. <LSlifer@winston.com>; stinson@wrightclosebarger.com; Wright, Tom <wright@wrightclosebarger.com>; obabcock@padfieldstout.com; Mark W. Stout <mstout@padfieldstout.com>
**Subject:** No. 380-06242-2022, Stonebriar v. Insight - Request for Hearing

***** **WARNING:** External Email. Do not click links or open attachments that are unsafe. *****

Ms. Cabala,

Good evening.  We would like to request a hearing on Plaintiff's Motion to Set Supersedeas Amount in the case styled *Stonebriar Commercial Finance LLC v. Insight Investments, LLC*, No. 380-06242-2022, in the 380th Judicial District Court.  Please let us know the earliest dates the Court has available.  We have copied opposing counsel on this email, so they are aware of the communication and can weigh in on their availability.

Thanks,

Dylan

**Dylan French**
**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-453-6574

F: +1 214-453-6400

VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mandy Gonzales on behalf of Rachel Hope Stinson
Bar No. 24037347
gonzales@wrightclosebarger.com
Envelope ID: 96330442
Filing Code Description: Motion for Emergency Relief
Filing Description: Appellant's Opposed Emergency Motion for Temporary Relief
Status as of 1/17/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| LeElle Slifer | 24074549 | lslifer@winston.com | 1/16/2025 5:48:20 PM | SENT |
| Rachel H.Stinson | | stinson@wrightclosebarger.com | 1/16/2025 5:48:20 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 1/16/2025 5:48:20 PM | SENT |
| Dylan French | | dfrench@winston.com | 1/16/2025 5:48:20 PM | SENT |